KLEIN v. MATTHEWS

MATTHEWS et al. v. GARCIA

Nos. 6286, 6260. Decided November 1, 1940. (106 P. 2d 773.)

Rehearing Denied, January 11, 1941.

C. E. *Norton*, of Salt Lake City, for appellants.

O. H. *Matthews*, of Salt Lake City, for respondents.

PRATT, Justice.

These two cases were consolidated for argument upon this appeal. Their issue upon appeal, however, are not identical. Case number 6286 is an appeal upon the judgment roll; number 6260 is upon a bill of exceptions. But the two arise out of the same transactions.

Case number 6286 started in the city court, was appealed to the district court, and from there to this court. In it, Mrs. Klein sought to eject Cecil Matthews from an apartment house which she alleged she had purchased from him. By the agreement of purchase, he was to occupy an apartment free of rent for sixty days. In her complaint, Mrs. Klein alleges that he agreed to pay $7 per month rent from May 5, 1939— the month following the end of the sixty days period. This he did not do, so she gave him a three-day written notice to vacate; but he ignored it. Both the city court and the district court found in Mrs. Klein's favor, except as to her claim for rent at $7 per month. Matthews is the appellant each time.

The assignments of error in this case are four in number: (1) The complaint does not state a cause of action; (2) permitting plaintiff's counsel to act in the case, as he is alleged to have been acting for both parties whose interests are conflicting; (3) striking defendant's answer and counterclaim; and (4) taking the case away from the jury and making findings of fact and judgment.

In his brief, counsel does not argue numbers 1, 3 and 4. Incidentally the transcript shows the withdrawal of the case from the jury by stipulation of counsel. Assignment No. 2 raises a question of evidence which we cannot consider as no evidence is before us in the form of a bill of exceptions.

We see no merit to the appeal. The judgment of the lower court is affirmed. Costs to respondent.

Case No. 6260 was started in the district court by Cecil Matthews against Mrs. Klein. He alleges that the deed conveying the property to Mrs. Klein was obtained from him by the fraud and misrepresentation of Mrs. Klein; and that her counsel was also his counsel in a divorce matter, therefore the agreement and deed were void as against public policy under Sec. 6-0-25, R. S. U. 1933. This section is the general section upon the duties of an attorney. The fraud and misrepresentation is alleged as follows:

"That the plaintiff, Cecil E. Matthews, was then old, infirm and confined in a hospital with sickness, and thereby wholly incapacitated from attending to business, and the defendant on that day, fraudulently taking advantage of plaintiff's said incapacity, procured him to sign a certain writing, without payment to him of any consideration therefor, and which writing defendant falsely and fraudulently represented to plaintiff to be some authority to conduct said roominghouse during plaintiff's said illness and for his use and benefit of said plaintiffs."

The lower court found in favor of Mrs. Klein, and Matthews appeals.

The assignments of error in this case are ten in number. At the trial an agreement to purchase signed by Cecil Matthews, as well as the deed, were presented in evidence. Plaintiff, in his reply to defendant's answer showing the existence of the agreement as well as the deed, alleged █ that the agreement was void as against public policy for the same reasons that he raised concerning counsel for Mrs. Klein and his relationship to the deed. Thus the pleadings do not contend that the agreement was obtained by fraud and misrepresentation.

In the case of *Gillette* v. *Newhouse Realty Co.,* 75 Utah 13, 22, 282 P. 776, 779, we held:

"It is a well-settled general rule that an attorney cannot represent conflicting interests. For more cogent reasons an attorney may not, by a contract of employment with his client, place himself in a position where his own interests are in conflict with those of his client. The relation of attorney and client is one of trust and confidence requiring the attorney to use all the care, skill, and diligence at his command to serve his client alone without any obligation to serve a master whose interests may be adverse to those of his client, and without any temptation to serve his own interests at the expense of the interests of his client. * * * In cases where applicable the rule has been rigidly adhered to by the courts. * * *"

The present case shows no such set-up. If counsel for Mrs. Klein represented Matthews in a divorce matter—the evidence upon which is very meager—it does not appear to have been in any way connected with Mrs. Klein. There is no conflict of interests shown here. Cecil Matthews was apparently desirous of disposing of his place and consulted said counsel. The latter had a client who desired to buy it. The fact that that same counsel knew about the property and its history in the divorce matter does not show a conflict of interests.

The assignments of error covering the invalidity of the agreement and the deed by reason of the alleged relation of counsel and the two litigants must fail for lack of merit.

The only other assignments argued are those pertaining to the execution and delivery of the deed. As to these we are of the opinion that the weight of the evidence supports the lower court's decision. It will accomplish nothing to recite all the evidence here. Plaintiff charges Mrs. Klein with committing fraud upon him, but on the witness stand denied that he hâd any conversation with her at all. He relied upon the acts of the counsel of Mrs. Klein as being the fraudulent acts that induced him to sign the paper presented to him. The burden was upon him to prove the fraud charged in the complaint. This he failed to do. Under his testimony, he discovered that the instrument was a deed before its delivery. In spite of this fact, he and his brother, Percy Matthews took it to the Home Owners' Loan Corporation, the concern holding a mortgage upon the place, and with whom Mrs. Klein dealt when the transfer was made. Defendants claim that the deed was delivered to Cecil Matthews who in turn delivered it to the Home Owners' Loan Corporation. It would seem that this is correct.

The judgment of the lower court is affirmed. Costs to respondent.

MOFFAT, C. J., and WOLFE, LARSON and McDON-OUGH, JJ., concur.