# MATTHEWS v. MATTHEWS et al.

No. 6531.   Decided December 12, 1942.   (132 P. 2d 111.)

See 34 C. J., Judgment, sec. 1282; 30 Am. Jur., sec. 909.

*C. E. Norton,* of Salt Lake City, for appellant.

*O. H. Matthews* and *Samuel J. Carter,* both of Salt Lake City, for respondents.

## PER CURIAM.

This is an appeal by plaintiff below from judgments of the lower court of "no cause of action" in favor of defendants Orson Heber Matthews and Maud E. Garcia, and of "nonsuit" in favor of defendant Home Owners' Loan Corporation. The case is here on the judgment roll, no bill of exceptions having been signed and settled.

In his complaint, plaintiff and appellant alleges that on August 12, 1937, he was the owner and in possession of a certain described apartment house and personal property located at 261 North West Temple Street in Salt Lake City; that on said date and prior thereto for some time, he had been infirm in mind and body and incapacitated to do any business; that he retained the defendant Orson Heber Matthews as his attorney on or about said date to represent him in a divorce suit then impending and to manage the property described, which employment said defendant undertook; that it became necessary under such employment for said attorney to take possession of the property as

plaintiff's attorney, which he did on September 15, 1937, and that he retained such possession until January 5, 1939, "when he pretended to convey said property" to the defendant Maud E. Garcia; that plaintiff relied upon his said attorney, and did not know that said attorney was also acting "for the other two defendants"; that, knowing plaintiff's incapacity and for the purpose of defrauding him and securing title to his property, defendants, on February 5, 1938, "procured and caused" plaintiff to execute an agreement purporting to deliver possession of his property to them, and purporting to allow them to collect the property rentals and apply them on a mortgage held by the defendant Home Owners' Loan Corporation; that the agreement also purported to permit plaintiff to have sole possession of any two of the apartments in the apartment house for the remainder of his life; that the defendant Home Owners' Loan Corporation was the holder of a mortgage on the property for about $1,230.50, signed by plaintiff on June 25, 1934, and payable $12.65 a month; that in order to pay off said mortgage indebtedness and current taxes, "said pretended Agreement and a pretended Deed was deposited in escrow, or otherwise, in the office of said Home Owners' Loan Corporation"; that on or about February 1, 1938, the Home Owners' Loan Corporation unlawfully and in breach of its trust, delivered said agreement and deed to defendant Orson Heber Matthews, who in turn delivered them to defendant Maud E. Garcia, without the knowledge or consent of plaintiff and in violation of defendant Matthews' duty to plaintiff, "and then and there, and thereby the said defendants converted the said property to their own use and benefit" fraudulently and without any right, without payment of any consideration to plaintiff.

Appellant further alleged that ever since September 15, 1937, defendant Orson Heber Matthews, in violation of his legal duty and without the consent of plaintiff has acted "as attorney for said defendants" and against plain-

tiff, and on January 5, 1939, said attorney "pretended to execute a deed from this plaintiff to said Maud E. Garcia, dated February 21, 1938, and recorded February 1, 1939" in the office of the County Recorder of Salt Lake County, to the property described, without any legal right whatever and without payment of any consideration whatever to plaintiff.

He then prays that the instruments be "delivered up by the defendants" and adjudged void, and that defendants be required to re-convey legal title to the property to plaintiff, and that, in the event legal title and possession could not be so delivered, he recover $3,000, the value of the property, and the rents and profits from said property since February 5, 1938, and that the defendants be required to account to plaintiff therefor.

Defendants Orson Heber Matthews and Maud E. Garcia filed a separate answer in which they admit that on August 12, 1937, plaintiff was the owner of the property described and that the Home Owners' Loan Corporation held a mortgage thereon; they admit that a certain agreement dated February 5, 1938, was recorded February 25, 1938, in the County Recorder's office of Salt Lake County; that defendant Garcia has collected rents from the property involved, but deny that defendant Matthews has collected them; they admit that defendant Matthews, on or about January 5, 1939, executed and delivered to defendant Garcia his quitclaim deed to the property described, but allege that that was done for the purpose of releasing any intention on his part to claim attorney's fees for services rendered, and not to convey any fee title or claim of title by him.

They deny all other allegations of the complaint, and then allege that on or about February 15, 1938, plaintiff herein commenced an action against defendant Maud E. Garcia in the District Court of Salt Lake County and thereafter caused defendant Orson Heber Matthews to be joined therein as a co-defendant; [this action was brought

to set aside the deed by which the property described was conveyed by plaintiff Matthews to defendant Garcia] ; that that action resulted in a final judgment for the defendant Garcia, and copies of the pleadings and judgment are made a part of the answer; that this case was appealed to the Supreme Court of Utah by the plaintiff therein and that the judgment of the lower court was affirmed *(Matthews et al.* v. *Garcia,* No. 6260, 99 Utah 398, 106 P. 2d 773), and that the judgment in that case is res judicata of the matters and issues sought to be litigated in the case at bar.

Defendants further alleged that on January 5, 1940, defendant Maud E. Garcia herein, as plaintiff, commenced an action in ejectment against Cecil E. Matthews, plaintiff herein, in the City Court of Salt Lake City, to recover possession of the premises described, alleging her ownership thereof and the wrongful detention thereof or of some part or portion by the said Cecil E. Matthews; that after appeal of this case to the District Court of Salt Lake County, the proceedings therein resulted in a final judgment in favor of said Maud E. Garcia, and copies of the pleadings and judgment in this case are also attached to and made a part of their answer; and that thereafter this case was also appealed to the Supreme Court by the defendant therein, plaintiff here, resulting in an affirmance of the judgment of the lower court, which case was decided jointly with No. 6260, above referred to, and is reported as *Klein* v. *Matthews,* No. 6286, 99 Utah 398, 106 P. 2d 773. Defendants also contend that this decision is res judicata of the issues attempted to be determined in the case at bar.

Defendants then pray that plaintiff's action be dismissed, and follow their prayer by allegations that the averments in the complaint "are sham, vexatious, without shadow of merit or foundation in fact; that the matters alleged have heretofore been repeatedly alleged, tried and determined against plaintiff in favor of these defendants," and this further action is "oppressive and motivated in vindictiveness and mala fides;" that the plaintiff is without funds,

and that all of said actions, including the case at bar, have ben prosecuted by plaintiff in forma pauperis.

Defendant Home Owners' Loan Corporation separately answered plaintiff's complaint, denying the allegations thereof for want of information and belief, except that it does hold a mortgage on the property described, and alleging that the judgment in the former action brought by plaintiff agaist defendants Matthews and Garcia above referred to is a bar to this litigation.

Plaintiff interposed demurrers to these answers, which were overruled. The case was set for trial on June 16, 1941, and on that date a minute entry, after reciting the presence of the respective parties by their counsel, recites:

"Comes now C. E. Norton, of counsel for plaintiff, and moves the court to submit the case upon the transcript and testimony of previous case for the purpose of determining whether the issues in the present case are res adjudicata. Whereupon said motion is argued to the court by respective counsel, submitted and by the court said motion is granted and the case taken under advisement."

Thereafter, on November 28, 1941, judgment was entered, dismissing the case with prejudice, "no cause of action," in which judgment it is recited,

"Whereupon O. H. Matthews, counsel for Maud E. Garcia, *and joined by S. J. Carter, counsel for Home Owners' Loan Corporation,* made a motion for dismissal upon the grounds of res adjudicata" etc. (Italics added.)

On notice and affidavit of counsel, this judgment was subsequently set aside and vacated as to the defendant Home Owners' Loan Corporation, counsel contending that the above italicized statement in the judgment was in error, in that he did not join in the motion; and the case as between plaintiff and the defendant Home Owners' Loan Corporation was set down for trial on April 9, 1942. Upon proper appearances on that date, and testimony taken, the lower court granted the motion of defendant Home Owners' Loan Corporation for a nonsuit and entered judgment

accordingly, dismissing the action as against that defendant.

In his brief on appeal, appellant enumerates several contentions, but they are all resolved in the question of res adjudicata. A careful examination of the record herein and the decision in the cases of *Klein* v. *Matthews* and *Matthews et al.* v. *Garcia*, reported jointly in 99 Utah 398, 106 P. 2d 773, discloses that the property described and the subject matter referred to in plaintiff's complaint in this action is the same property and the same subject matter involved in both of these cases; that the plaintiff Klein in the former action is the same person as the defendant Maud E. Garcia in the case at bar; that the relationship of attorney and client previously existing between plaintiff herein and the defendant Orson Heber Matthews was considered and ruled upon in the above reported case; and that, in view of the judgment of nonsuit against this plaintiff and in favor of the Home Owners' Loan Corporation, defendant herein, the matters in controversy between Cecil E. Matthews, Orson Heber Matthews and Maud E. Garcia, also known as Maud E. Garcia Klein, attempted to be re-litigated in this action, were definitely decided and set at rest in the former cases.

"The judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter directly in question in another court." 15 R. C. L. 951, Sec. 429.

"The foundation principle upon which the doctrine of res judicata rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate. * * * Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction as to parties and subject matter shall not be retried between the same parties in any subsequent suit in any court." 15 R. C. L. 953, Sec. 430.

The judgments of the lower court herein appealed from are affirmed, with costs to respondents.