341 P.2d 949

John SHAW, Plaintiff and Appellant,

v.

Frances Shaw PILCHER and Walter F. Pilcher, Defendants and Respondents.

No. 8991.

Supreme Court of Utah.

July 13, 1959.

---

Clyde & Mecham, Richard L. Dewsnup, Salt Lake City, for appellant.

Richards, Bird & Hart, Lon Rodney Kump, Salt Lake City, for respondents.

1. "On motion * * * the court may * * * relieve a party * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neg-

HENRIOD, Justice.

Appeal from a dismissal without prejudice of a proceeding commenced in connection with a completed adoption action. Affirmed with costs to defendants.

Plaintiff Shaw was divorced by the now Mrs. Pilcher, defendant, the latter having been awarded custody of the parties' minor child in an action bottomed on Shaw's extreme cruelty. Later on, Shaw consented that defendant Pilcher, who married Shaw's divorced wife, adopt the minor child. This was done on representation that the Pilchers were persons of good moral character. Later on these two were jailed for embezzlement, and after having served about six months, were paroled. Seventeen months after the adoption decree was entered, and without filing a separate action or paying any additional filing fee, Shaw moved the court in the original adoption matter, to set the adoption decree aside on the grounds that at the time of the adoption the Pilchers defrauded the court into concluding they would be fit and proper parents for the minor child. Shaw alleged the embezzlement conviction as proof of such fraud.

Pilchers attacked the whole proceedings as being violative of Rule 60(b),[1]

lect; * * * (2) * * * (3) * * (4) * * * (5) * * * (6) * * * (7) * * *. The motion shall be made within a reasonable time and for reasons

Utah Rules of Civil Procedure, with its three month limitations feature relating to entertaining motions for relief because of mistake, newly discovered evidence and the like. A reading of the rule makes it apparent that a motion for relief based on the grounds enumerated therein is ineffective if made three months after the decision from which relief is sought. The proceeding here, although captioned a "petition," was in fact a motion made in the original action, and was based primarily on an allegation of "fraud upon the court." We believe and hold that where "fraud upon the court" is the gravamen of the proceeding, such proceeding must be pursued in an independent action by filing a separate suit, paying the statutory filing fee therefor (which was not done here), and requiring the statutory issuance and service of process.

The attack here being based on fraud upon the court, and having been leveled some 17 months after the adoption decree, must have been pursued in an independent action, and not by way of motion in the original action. Otherwise, the rule would not make much sense.

(1), (2), (3), or (4), not more than 3 months after the judgment, order, or proceeding was entered or taken. * * * This rule does not limit the power of a court to entertain *an independent action* * * * *to set aside a judgment*

CROCKETT, C. J., WADE and McDONOUGH, JJ., and ALDON J. ANDERSON, District Judge, concur.

CALLISTER, J., does not participate.

*for fraud upon the court.* The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules *or by an independent action.*" (Italics ours.)