Nancy Jane Peart ROCHE, Plaintiff and Respondent,

v.

Melvin Kent ROCHE, Defendant and Appellant.

No. 15806.

Supreme Court of Utah.

May 25, 1979.

Pete N. Vlahos, Ogden, for defendant and appellant.

Dale M. Dorius, Brigham City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from the trial court's denial of his petition to re-open the adjudication made two years previously in the

---

2. *Ephraim v. Hawk*, 7 Utah 2d 163, 321 P.2d 221 (1958), and cases cited therein; *Comm. Bldg. Corp. v. Blair*, Utah, 565 P.2d 776 (1977).

findings and decree of divorce and vacate the finding as to his paternity of the girl T___ F___ who had been born in May 1970 during the marriage of the parties.

On September 17, 1974, four and one-half years after the birth of T___ F___ the plaintiff filed a complaint for divorce in which she alleged, inter alia, that T___ F___ was born as issue of the marriage. Upon the defendant's answer, and issues joined, there was a trial wherein plaintiff and defendant both testified. A divorce was granted to the plaintiff. The findings recited that T___ F___ was born issue of the marriage; the decree awarded her custody to the plaintiff, with reasonable visiting rights to the defendant, and that he pay $75.00 per month for child support.

It appears that the controversy involved herein is yet another episode of continuing conflicts between these embittered and quarreling parties. The record discloses that in the two years between the divorce and the filing of this proceeding the parties had resorted to the courts on five separate occasions to settle their disputes. It is significant that on March 31, 1977, the defendant was served with an Order to Show Cause why he should not be held in contempt for delinquencies in paying support money, and why judgment should not be entered therefor. It was returnable on April 11, 1977; and four days prior to that date the defendant filed the instant petition, for the first time raising the issue as to the paternity of the child. Upon a hearing before the court, the defendant present-ed medical evidence which he contends would demonstrate to a high degree of certainty that he was not the father of T___ F___. Notwithstanding that presentation, the district court denied his petition.

Defendant's petition for relief was brought under Rule 60(b), Utah Rules of Civil Procedure, and was based upon an assertion of newly discovered evidence. That rule provides for relief from a judgment or order as follows:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is void; (6) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (7) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than three months after the judgment, order, or proceeding was entered or taken.* A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. *This Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.* [Emphasis added.]

The trial judge properly ruled that defendant's petition was procedurally deficient since it was not filed within three months of the date of judgment and consequently was not the proper subject of a motion.[1]

---

1. See *McGavin v. McGavin*, 27 Utah 2d 200, 494 P.2d 283 (1972); *Shaw v. Pilcher*, 9 Utah 2d 222, 341 P.2d 949 (1959).

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, WILKINS, and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring with comments):

I concur with the main opinion and with the affirmance of the judgment, but am impelled to add these comments.

The paternity of the child having been adjudicated in the decree entered over four years ago, and no appeal having been taken therefrom, that adjudication became final and should remain at rest.[1] If there ever is a situation where the rules of law, the interests of justice, and sound considerations of policy combine to require the application of the rules of res judicata, it should be especially so as to the adjudication on the parenthood of a child. The person whose welfare and happiness throughout her life is in hazard is this little girl, now nine years old. Not being a party to this divorce action, she is placed in the role of an innocent and helpless pawn in a running battle between the plaintiff and defendant. It seems to me that a sense of moral decency, social conscience and public policy point unerringly to the conclusion that her prospects for happiness should not be blighted because of the unfortunate animosities which seem to persist between these contentious parties. I think the trial court acted wisely and judiciously in dismissing defendant's petition.[2]

---

1. That the doctrine of res judicata applies both to issues which were raised and decided and also to those which could have been so raised and adjudicated, see *Matthews v. Matthews*, 102 Utah 428, 132 P.2d 111 (1942). Furthermore, that that doctrine is applicable with equal force in divorce decrees, see *Sorensen v. Sorensen*, 20 Utah 2d 360, 438 P.2d 180 (1968).

2. See my concurring opinion in *McGavin v. McGavin*, footnote 1, main opinion.