**Joan Sena Bowers LEA, Plaintiff and Appellant,**

v.

**Farrell D. BOWERS, Defendant and Respondent.**

**No. 18030.**

Supreme Court of Utah.

Feb. 16, 1983.

Noall T. Wootten, American Fork, for plaintiff and appellant.

H. Grant Ivins, American Fork, for defendant and respondent.

DURHAM, Justice:

This is an appeal from a judgment modifying a divorce decree. We reverse because the trial court erred in modifying the divorce decree in the absence of factual finding of a substantial change in circumstances.

On April 29, 1974, a default Divorce Decree was entered granting a divorce to the respondent. Paragraph 7 of that decree provided as follows:

The plaintiff is hereby awarded as her sole and separate property the 1965 Chevrolet automobile, all of the household furniture, furnishings, fixtures and equipment belonging to the parties hereto and

the home and real property located at 1765 North Trinnaman, Lehi City, Utah County, Utah, and more particularly described as follows, to-wit:

Commencing 8 chains North 8.62 chains North 63%1/2%p° East and 4.85 chains North 33¾° West of the Southwest corner of Sec. 5, Twp 5 S, R1E, SLM; thence North 33°45′ West 0.27 chains; thence North 24¼° West 1.71 chains; thence North 67° East 5.16 chains; thence South 23° East 1.98 chains South 67° West 5.12 chains to beginning. Area: 1 acre.

In the event that said home and real property are sold, the proceeds from such sale shall be divided equally between the plaintiff and defendant after the discharge of all costs of said sale.

This provision was entered following the court's approval of a Stipulation and Property Settlement Agreement which had been executed by both parties on March 22, 1974. Paragraph 6 of the Stipulation and Property Settlement Agreement contained the same provision with reference to the home as that set forth in Paragraph 7 of the divorce decree.

On March 22, 1974, the respondent executed and delivered to the appellant a quitclaim deed to the home and real property referred to above, which deed was recorded with the Utah County Recorder.

On May 13, 1975, the respondent filed with the court a motion to amend the provisions of Paragraph 7 of the divorce decree on the grounds that he was not represented by counsel at the time the stipulation was signed, that the decree itself was ambiguous and should be modified to reflect a clear interpretation of the intent of the parties, and that a modification would be equitable. The respondent's affidavit in support of his motion alleged that at the time he signed the stipulation he was unable to read it due to poor eyesight and not having any reading glasses at that time, and therefore, he had to rely on the appellant to read the document to him. Furthermore, he stated that, had he been advised by counsel at the time he signed the agreement, counsel would have had the stipulation provide that

the home be sold on the remarriage of the appellant.

On May 23, 1975, the appellant filed a counter-affidavit in which she stated that the respondent was coherent and alert when he signed the stipulation, that she read it to him several times in the kitchen of their home, and that they discussed each paragraph in detail. She said that she asked him if he understood the document and he responded in the affirmative. She further represented that the original stipulation and settlement agreement was understood by both of them and did in fact reflect their agreement, and that when the quitclaim deed was delivered to her by the respondent it was understood that the home would be hers until such time as she decided to sell it.

On June 2, 1975, the district court entered the following ruling:

Defendant's motion to amend the Decree of Divorce is denied. The Court did not in the Decree of Divorce reserve for future adjudication the matter of the interest of the parties in the home, and there has been no allegation that extrinsic fraud on the part of the plaintiff in any way affected the manner in which the parties interest in the home was adjudicated. There is no ambiguity in the Decree as to the disposition of the home, and the defendant had knowledge of the provision and could have acted to reopen this matter within the interlocutory period and pursuant to Rule 60 U.R.C.P.

No appeal was taken from that ruling. On May 9, 1980, the same issue was again brought before the same judge of the district court by the respondent and, according to the minute entry on file, the court declined to take evidence on this same issue.

On June 19, 1981, the matter was brought before the district court for the third time on the same issue and, on September 24, 1981, the court modified the decree of divorce, ordering the home sold, based on the following Finding of Fact:

1. That at the time the Stipulation was entered into which governed the Findings and Decree in the original Divorce, the

defendant was not represented by counsel and had been drinking heavily for extended periods of time, and the Court finds that the defendant believed the Stipulation required the plaintiff to hold the home for as long as his minor children were living in the home with her but thereafter the home would be sold and the equity divided between them.

It is from that order that this appeal is taken.

On a petition for modification of a divorce decree, the threshold requirement for relief is a showing of substantial change in the circumstances of the parties occurring since the entry of the decree and not contemplated in the decree itself. *See Haslam v. Haslam*, 657 P.2d 757 (1982); *Adams v. Adams*, Utah, 593 P.2d 147 (1979). The burden with respect to modifications of divorce decrees based on stipulated settlement agreements, as is the case here, is particularly high. In *Land v. Land*, Utah, 605 P.2d 1248 (1980), this Court stated:

> Defendant's contention that the court must look behind his stipulation in order to do equity is without merit. True it is that, in making a division of property by a decree of divorce a trial court is governed by general principles of equity. It is likewise true that the court retains continuing jurisdiction over the parties and may modify the decree due to a change in circumstances, equitable considerations again to govern. It must, however, be added that, when a decree is based upon a property settlement agreement, forged by the parties and sanctioned by the court, equity must take such agreement into consideration. Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made. Accordingly, the law limits the continuing jurisdiction of the court where a property settlement agreement has been incorporated into the decree, and the outright abrogation of the provisions of such an agreement is only to be resorted to with great reluctance and for compelling reasons.

*Id.* at 1250–51 (citations omitted). The trial court's factual findings respecting the grounds for modification of this decree, as set forth above, do not include either a change of circumstances or a "compelling reason" within the holding of *Land v. Land, supra.* Therefore, the judgment of the trial court cannot stand and is reversed. No costs awarded.

HALL, C.J., and OAKS, J., concur.

HOWE, Justice, dissenting:

I dissent. I would remand the case to the trial court to supplement the Findings of Fact since implicit in that court's ruling was the conclusion that there had been a material change of circumstances.

When the trial court denied the petition of the defendant made on May 9, 1980 to have the home sold and the proceeds divided, it gave the defendant leave to reassert that request "at such time as the last of the minor children no longer resides there with the plaintiff." One year later the defendant, acting pursuant to that leave, again requested the court to order the sale of the home and division of the proceeds, basing the Order to Show Cause solely upon his affidavit that the last minor child of the parties had married and no longer lived in their residence. It is that Order to Show Cause which is before us in this appeal.

It was not disputed at the hearing on the Order to Show Cause that there were no minor children then living in the home. Counsel for defendant urged this fact as a material change of circumstances. Although the trial court made no specific finding on that fact in its written Decision, it concluded "that to allow plaintiff the right to hold the home exclusively until such time as she decides to sell the same would not be equitable to defendant in his realizing his acknowledged interest therein." I think implicit in that statement was a finding that because minor children were no longer present in the home, it would be equitable to order the home sold now.

As pointed out by the majority opinion, when the Findings of Fact were drawn, nothing was stated specifically therein con-

cerning the absence of minor children in the home. Neither was it stated that the court found a change of circumstances. The findings only mention the defendant's lack of counsel, his drinking and mistaken belief as to the effect of the stipulation which he signed regarding the house. However, a finding of a change of circumstances is implicit in the court's ruling as explained above. This, in view of the court's denial of the defendant's request at an earlier time when minor children were in the home, would compel me to simply remand the case to the trial court for it to augment its findings in order to reflect its full and complete reasoning and basis for modifying the decree.

STEWART, J., concurs in the dissenting opinion of HOWE, J.