**Robert G. NAYLOR, Plaintiff and Appellant,**

v.

**Julia Lee NAYLOR, Defendant and Respondent.**

**No. 19050.**

Supreme Court of Utah.

May 23, 1985.

Walter Ellett, Murray, for plaintiff and appellant.

John D. Parken, B.L. Dart, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

This is an appeal from an order granting the respondent's motion to modify a decree of divorce. The appellant claims that the trial judge erred (1) in extending the period for the payment of temporary alimony, (2) in finding a material change in circumstances warranting an increase in alimony and child support, and (3) in awarding attorney fees to the respondent. We affirm.

The parties were divorced in 1978 after eleven and a half years of marriage. At the time he filed for divorce, the appellant had recently completed his medical training and had just become a practicing surgeon. The respondent was, and still is, a hairdresser. The findings of fact accompanying the original decree, which was entered pursuant to the written stipulation and property settlement of the parties, stated that the appellant had net earnings at that time of $2,600 per month and that the respondent had net earnings of $702 per month. The decree awarded alimony to the respondent in the amount of $500 per month for five years and child support in the amount of $250 per month until the child reaches age 21 or leaves the home or until a court-ordered modification, whichever occurs first.

In 1981, the respondent filed this action for modification of the decree, and the matter was tried in 1983. At the time of the hearing, the appellant had become a shareholder in his medical practice corporation and was earning a base salary of $5,000 per month (gross) plus annual bonuses. The bonuses prior to the hearing had been approximately $15,000 in 1979, $24,000 in 1980, and $23,500 in 1981. In addition, the appellant was receiving tax-deferred benefits in the form of contributions to his pension and profit-sharing accounts amounting to approximately 25 percent of his gross salary. The trial court found that the appellant's net income after taxes had increased to $75,000 since the time of the divorce.

After trial, the district court found that, at the time of the original divorce, the respondent

> had an expectancy that in the five-year period for which the alimony was awarded she would be able to establish herself as a hairdresser and have an increase in income sufficient to meet her financial needs, which expectancy has not been fulfilled as her current income is only $720 per month.

The court also found that the living expenses of the respondent and the parties' child had increased from $1,450 at the time of the divorce to $2,180 at the time of the modification hearing, due to increases in the cost of living and the fact that the child had become a teenager with significantly greater financial needs. Finally, the court found, "[The respondent] needs and [the appellant] has the ability to pay an increased and extended alimony award and increased [child] support award." Consequently, the decree was modified to extend the payment of alimony through 1987 (an additional four years) and to increase the amount by $100 per month beginning in December 1982. The trial court also increased the amount of child support from $250 per month to $400 per month.

■ The appellant argues that the trial court exceeded its power in modifying the term of temporary alimony awarded in the original divorce decree even if a substantial change in relevant circumstances had occurred. This argument is contrary to the legislative mandate to the district courts and to the principles of equity followed by this Court. Section 30–3–5(1), U.C.A., 1953 (Supp.1983), states: "The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary." The language of the statute makes it clear that the appellant's position that the trial court lacked power or jurisdiction to modify an alimony award is without merit. This Court rejected a similar argument respecting a stipulated settlement requiring periodic payments in *Callister v. Callister*, 1 Utah 2d 34, 261 P.2d 944 (1953):

> We further hold that these [monthly payment] provisions are not an inseparable part of the agreement relating to division of property and that by approval of the agreement in the decree the court did not divest itself of jurisdiction under the statute to make such subsequent changes and orders with respect to alimony payments as might be reasonable and proper, based upon change of circumstances. We hold this to be true even though the provisions of the agreement should be interpreted to mean that the parties intended to stipulate for a fixed and unalterable amount of monthly alimony. The object and purpose of the statute is to give the courts power to enforce, after divorce, the duty of support which exists between a husband and wife or parent and child. Legislators who enacted the law were probably aware of a fact, which is a matter of common knowledge to trial courts, that parties to divorce suits frequently enter into agreements relative to alimony or for child support which, if binding upon the courts, would leave children or divorced wives inadequately provided for. It is therefore reasonable to assume that *the law was intended to give the courts power to disregard the stipulations or agreement of the parties in the first instance and enter*

*judgment for such alimony or child support as appears reasonable, and to thereafter modify such judgments when change of circumstances justifies it, regardless of attempts of the parties to control the matter by contract.*

*Id.* at 41, 261 P.2d at 948-49 (emphasis added). *See also Mitchell v. Mitchell,* Utah, 527 P.2d 1359, 1360 (1974); *Georgedes v. Georgedes,* Utah, 627 P.2d 44, 46 (1981). Thus, the trial court in this case clearly had the power to modify the alimony provision of the decree.

The appellant's second claim of error challenges the equity of the result of the hearing below and the adequacy of the evidence to support the trial court's finding of a substantial change in circumstances. On a petition for a modification of a divorce decree, the threshold requirement for relief is a showing of a substantial change of circumstances occurring since the entry of the decree and not contemplated in the decree itself. *Lea v. Bowers,* Utah, 658 P.2d 1213, 1215 (1983). *See also Kessimakis v. Kessimakis,* Utah, 580 P.2d 1090, 1091 (1978). We note first that the record amply supports the trial court's finding on the change of circumstances question: the appellant's net income has more than doubled since the time of the divorce, even without the inclusion of the income being diverted into pension and profit sharing. The respondent's income, on the other hand, has remained approximately the same in dollar amounts, thereby actually decreasing in real value, contrary to the parties' expectation that it would increase. The fact that this expectation, which was a predicate for the original support order, has not been fulfilled constitutes a material change in circumstances. The age and cost of supporting the parties' child has also clearly changed substantially since the time of the divorce.

Concerning the equities of the modification ordered by the trial judge, we note that the evidence at the hearing established the following, in addition to the specific facts included in the trial court's findings: the respondent supported the parties during the appellant's four-year medical school course and continued to contribute to their support after he began to earn modest amounts as an intern and resident; the respondent has a high school degree; she was not employed as a hairdresser during the marriage, but had just completed her training and was beginning a career in that field at the time of the divorce; she agreed to the limited term of alimony because she anticipated that her work would be more remunerative than it has in fact been; and in order to support herself and the parties' child, she has had to borrow over $13,000 since the divorce, in addition to her earnings and the amounts provided by the appellant. In view of the totality of the circumstances of the parties, we are unable to say that the modification ordered by the trial judge constituted an abuse of his discretion or was so unfair or inequitable as to be arbitrary and capricious. On the contrary, the increases awarded (an additional $100 per month for an extended term of four more years, and an additional $150 per month in child support) seem entirely appropriate, given the relative situations of the parties.

Finally, the appellant claims error in the award of $1,000 in attorney fees to the respondent. We note that the record contains adequate evidence to support the trial judge's finding that the respondent did not have the ability to pay her fees; there is no source established from which she could obtain such an amount, and the reasonableness of the fees was testified to by her counsel and stipulated to by the appellant's counsel. The record further demonstrates the ability of the appellant to pay the amounts owing. Therefore, we affirm the order of the trial judge in its entirety and further award to the respondent her costs and attorney fees in connection with this appeal in an amount to be determined by the trial court.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.