Tina Marie **GROVER**, Plaintiff and Appellee,

v.

Jeffrey Scott **GROVER**, Defendant and Appellant.

No. 910446–CA.

Court of Appeals of Utah.

Oct. 15, 1992.

Ben Hadfield, Brigham City, for defendant and appellant.

J. Blaine Zollinger, Logan, for plaintiff and appellee.

Before GARFF, ORME and RUSSON, JJ.

## OPINION

RUSSON, Judge:

Jeffrey Grover appeals from a district court judgment and order denying his motion to strike the court's order to show cause. We vacate and remand.

## I. FACTS

The Grovers were married on May 21, 1978 in Tremonton, Utah, and divorced on September 22, 1986. The First District Court awarded Mrs. Grover custody of the couple's three minor children, and child support in the amount of $300 per month.

Prior to the couple's divorce, Mr. and Mrs. Grover entered into a marital agreement, which was incorporated into the final decree. In that agreement, the parties stipulated that:

Future child support is to be set in accordance with the Utah Uniform Child Support Schedule and shall be automatically adjusted by the parties to reflect changes in income.

They further stipulated that for purposes of monthly child care contributions:

Defendant [Mr. Grover] is ordered to provide Plaintiff [Mrs. Grover] the total of each month's gross earnings from any source and provide Plaintiff a copy of his annual tax return if requested.

In June 1989, Mrs. Grover, in response to Mr. Grover's failure to pay child support as ordered by the decree, moved the district court for an order requiring Mr. Grover to appear and show cause why he should not be found in contempt of court for failure to pay child support. At an order to show cause hearing, the court granted judgment against Mr. Grover for unpaid child support and costs in the amount of $1,517.35. The court also ordered that Mr. Grover's employer withhold and deliver $300 per month for child support, and an additional $50 per month for child support arrearages.

On May 22, 1991, Mrs. Grover again moved the district court for an order requiring Mr. Grover to appear and show cause why he should not be held in contempt of court for failing to provide Mrs. Grover with monthly income information, as well as for failure to pay child support based on the parties' current income and the Uniform Child Support Schedule. The court granted Mrs. Grover's motion, and ordered Mr. Grover to appear on June 17, 1991. Mr. Grover filed a motion to strike that order, claiming that Mrs. Grover could not proceed by order to show cause, but was required by the Utah Code of Judicial Administration to proceed by petition to modify the decree of divorce.

On June 17, 1991, the district court held a hearing on the order to show cause and Mr. Grover's motion to strike the same. The trial court denied Mr. Grover's motion, concluding that since the divorce decree between the parties provided for automatic adjustment in child support payments based on changes in the parties' incomes,

Mrs. Grover's motion for an order to show cause was in the nature of a motion to adjust child support, and therefore a petition to modify the decree of divorce was not necessary. The court then ordered Mr. Grover to pay $478 per month for the parties' three minor children, retroactive to January 1, 1990, and entered judgment against Mr. Grover in the amount of $3,026 for unpaid child support for the period commencing January 1, 1990, and ending May 31, 1991.

Mr. Grover appeals that order, claiming that the trial court erred in: (1) allowing the action to proceed as an order to show cause rather than a petition to modify as required by Rule 6–404 of the Utah Code of Judicial Administration; (2) ordering a retroactive increase in child support for the year 1990 and the first five months of 1991; and (3) entering its order without allowing Mr. Grover the opportunity to testify, present evidence and cross examine.

## II. ANALYSIS

■ Mr. Grover claims the trial court erred in denying his motion to strike the court's order to show cause and ruling that Mrs. Grover was not required to file a petition to modify the decree to adjust child support. The decision to grant or deny a motion to strike an order to show cause is a conclusion of law; therefore, we review the district court's conclusion under a correction of error standard. *Bailey v. Call*, 767 P.2d 138, 139 (Utah App.), *cert. denied* 773 P.2d 45 (Utah 1989); *accord Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985).

■ Specifically, Mr. Grover argues that by filing an action to change the amount of child support, Mrs. Grover sought to modify the original divorce decree, thus, she was required to file a petition to modify the same under Rule 6–404 of the Utah Code of Judicial Administration. That rule provides:

(1) Proceedings to modify a divorce decree shall be commenced by the filing of a petition to modify in the original divorce action.... No request for a modification of an existing decree shall be raised by way of an order to show cause.

Mrs. Grover, on the other hand, contends that she was not seeking to modify the divorce decree, but to enforce the decree's provision directing automatic modification of child support; thus, she was not required to file a petition for modification.

In the instant case, the decree provides that future child support will be automatically adjusted by the parties to reflect changes in income. However, such provision directly contravenes Utah Code Ann. § 78–45–7(1) (1992), which states:

Prospective support shall be equal to the amount granted by prior court order unless there has been a material change of circumstance on the part of the obligor or obligee.

Under that statute, a child support order can only be modified based upon a showing of a *material* change in circumstances. However, contrary to section 78–45–7(1), the parties' automatic modification provision in the case at bar provides for modification based on *any* change in income. Such provision circumvents the statute's requirement that a party seeking to modify a support order demonstrate a material change in circumstances since the entry of the order. Further, by making modification dependent solely on the parties' change in income, such provision disregards other dispositive factors considered in modifying future support, including the parties' living expenses, *see Porco v. Porco*, 752 P.2d 365, 367 (Utah App.1988), and the age and cost of supporting the parties' children. *See Naylor v. Naylor*, 700 P.2d 707, 710 (Utah 1985). Since the decree's automatic modification provision violates section 78–45–7(1), such provision is not enforceable.

■ Accordingly, pursuant to Rule 6–404 of the Utah Code of Judicial Administration, Mrs. Grover may not proceed by means of a motion for an order to show cause, but is required to file a petition to modify the child support order and demonstrate therein that there has been a material change in circumstances since the entry of such order that warrants modification under Utah Code Ann. § 78–45–7(1) (1992). Since she did not do so here, the district

court's order and judgment must be vacated.[1]

### III. CONCLUSION

For the reasons outlined above, we vacate the district court's order and judgment and remand this case for further proceedings consistent with this opinion.

GARFF, J., concurs.

ORME, Judge (concurring in the result):

I concur in the court's judgment but do not subscribe to all of its analysis. Specifically, I am concerned that the majority's unqualified statement concerning the effects of § 78–45–7(1) on stipulated child support adjustments goes too far.

The stipulated adjustment provision in this case is admittedly problematic in two respects. It purports to permit an adjustment up or down any time income changes, up or down. It also is not drawn precisely enough to be self-executing. Thus, I agree it is ineffective, in the face of § 78–45–7(1) and otherwise.

Not before us, but potentially subject to the same general prohibition under § 78–45–7(1) articulated by the majority, is a stipulated arrangement whereby support would increase annually in accordance with the percentage increase in the Consumer Price Index or an arrangement whereby support would increase annually in proportion to any increase in the obligor's adjusted gross income. Such arrangements are on a different footing than the one before us and ought to be permitted.

Child support is ultimately for the benefit of the children and their parents cannot stipulate away their fundamental entitlement. Section 78–45–7(1) is both for the benefit of the children, so that the amount of their support can be, hopefully, increased on occasion, and for the protection of the obligor, to insulate him from recurring reassessment every time there is some minor change in circumstance. Arrangements of the sort mentioned in the immediately preceding paragraph, in which the obligor stipulates away his protection under § 78–45–7(1), while the children benefit

from an increase even absent a *material* change in circumstance but are protected from any decrease *unless* a material change can be shown, simply do not violate the purpose of the statute and should ordinarily be enforced in accordance with their terms. *See Christensen v. Christensen,* 628 P.2d 1297 (Utah 1981) (Supreme Court reversed modification of child support provision in decree, leaving in place stipulated provision whereby support would be automatically increased on annual basis in amount of 50% of obligor's income if income increased beyond stated level).

Technically speaking, this discourse should be altogether unnecessary since the case before us does not involve an arrangement of the sort I would approve. Nonetheless, unqualified pronouncements made in one case often come back to haunt in cases involving different facts. Thus, it is appropriate to point out that in properly condemning a provision which is not automatic and would by its terms permit *decreases,* as well as increases, when § 78–45–7(1) would not, it is unnecessary to paint with as broad a brush as the majority has selected. Stipulations of other sorts, specifically including the kind I have in mind, are not before us, from which it follows that nothing in the main opinion should be taken as necessarily prejudging their enforceability under § 78–45–7(1).

---

**1.** In light of this, other arguments raised by the parties need not be considered.