**In the Matter of BABY BOY DOE, A Minor,**

**Adoptive Parents, M.L. and S.L., Appellees,**

v.

**V.H., Appellant.**

No. 940438–CA.

Court of Appeals of Utah.

April 27, 1995.

Mark K. Stringer, Provo, for appellant.

John L. Valentine and Phillip E. Lowry, Provo, for appellee.

Before BILLINGS, JACKSON and WILKINS, JJ.

## OPINION

WILKINS, Judge:

V.H. appeals the trial court's denial of her motion to dismiss the petition for Baby Boy Doe's adoption. The adoptive parents cross-appeal the trial court's denial of their motion to strike V.H.'s motion as untimely. We affirm the action of the trial court on the grounds raised on cross-appeal.

## BACKGROUND

V.H. is the natural mother of Baby Boy Doe. In April 1993, V.H. contacted an attorney in order to place her expected child for adoption. Based on this and subsequent conversations, the attorney prepared and explained several documents concerning the proposed termination of her parental rights and the proposed adoption. V.H. received information on six prospective families for her unborn child and chose one couple to be the adoptive parents.

Baby Boy Doe was born on May 13, 1993. The next day, the same attorney, representing the adoptive parents and accompanied by a friend of the adoptive parents, visited V.H. in the hospital. At this time, V.H. signed a release form, allowing the attorney to take custody of Baby Boy Doe and to place him immediately with the adoptive parents.

The petition for adoption was filed on May 25, 1993. Shortly thereafter, on June 4, 1993, V.H. appeared in open court and gave her consent to the adoption. At that time, V.H. signed a Consent to Adoption.

Later that year, V.H. retained counsel and, on November 10, 1993, filed a motion to dismiss the pending adoption petition. V.H. alleged that she had been pressured by the adoptive parents' attorney and friend to sign the release in the hospital against her will. She also alleged that she had been misled by

the adoptive parents because, among other things, they did not disclose that they had filed for divorce nearly seven years prior to her filing the motion. No hearing was requested by either party, and none was held. The trial court denied the motion on January 3, 1994.

Subsequently, on January 18, 1994, V.H. filed another motion to dismiss the pending adoption petition, alleging essentially the same information, but claiming that the alleged facts somehow invalidated her consent given in court on June 4 of the prior year. Again, no hearing was requested or held. The trial court denied this motion on May 18, 1994.

The adoption was finalized June 16, 1994. V.H. appeals the denial of her second motion. The adoptive parents cross-appeal the trial court's refusal to grant the adoptive parents' motion to strike the second motion, the denial of their motion to strike two affidavits provided by V.H., and the refusal to order sanctions against V.H. and her attorney.

## ISSUES

V.H. argues on appeal that (1) the trial court erred in failing to hold a hearing on her second motion to dismiss as required by section 78–30–4.10 of the Utah Code; (2) any failure of section 78–30–4.10 to provide her with a mandatory hearing violates her right to equal protection and due process under Article I, section 7 of the Utah Constitution; and (3) the trial court's failure to make specific and detailed findings of fact with regard to her second motion exceeded the range of discretion permitted the trial court, requiring remand.[1]

The adoptive parents argue on cross-appeal that (1) the trial court erred in denying their motion to strike V.H.'s motion because

---

1. In her brief, V.H. claims to appeal the denials of both motions to dismiss. Nevertheless, V.H.'s notice of appeal only indicates that V.H. appeals the "ORDER DENYING SECOND MOTION TO DISMISS," and not the orders denying both motions. Rule 3(d) of the Utah Rules of Appellate Procedure requires that "[t]he notice of appeal shall ... designate the judgment or order, or part thereof, appealed from." Indeed, the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a *specific* judgment in a particular case. *See Nunley v. Stan Katz Real Estate, Inc.*, 15 Utah 2d 126, 128, 388 P.2d 798, 800 (Utah 1964). V.H. has not filed a notice of appeal concerning the trial court's order denying her first motion to dismiss. Without notice of appeal given, we are without jurisdiction to hear an appeal concerning this first motion. *See Yost v. State*, 640 P.2d 1044, 1047 (Utah 1981).

her motion was untimely filed; (2) the trial court's denial of their motion to strike two affidavits provided by V.H. on grounds of hearsay exceeded the range of discretion permitted the trial court; and (3) the trial court's refusal to impose sanctions in accordance with Rule 11 of the Utah Rules of Civil Procedure also exceeded the range of discretion permitted the trial court.

## ANALYSIS

■ The timeliness of V.H.'s motion is dispositive. Whether V.H.'s second motion was timely filed depends on proper construction of the court rule or statute under which the motion was brought. *See DeVore v. IHC Hosp., Inc.*, 884 P.2d 1246, 1251 (Utah 1994) (indicating that whether motion filed under Utah Code section 78–31a–14 was timely depends on proper construction of that statute). This determination presents a question of law. *See id.* Accordingly, we review the trial court's denial of the motion to strike V.H.'s motion on grounds of untimeliness under a correction of error standard. *See Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 387 (Utah App.1991) (determining that trial court lacks jurisdiction to consider merits of untimely motion and errs if it does so); *see also Grover v. Grover*, 839 P.2d 871, 873 (Utah App.1992) (holding that trial court's denial of motion to strike order to show cause is legal conclusion).

■ In her brief, V.H. contends that she has a right to a hearing on her motion under section 78–30–4.10 of the Utah Code, suggesting her motion is brought under that statute. On the other hand, V.H. also contends that her motion was timely filed under Rule 60(b) of the Utah Rules of Civil Procedure, similarly suggesting that her motion is brought under that court rule.[2] Careful reading of section 78–30–4.10 reveals that its provisions do not apply to V.H.'s motion.

That part of section 78–30–4.10 upon which V.H. relies provides:

> Any person who has been served with a notice of the adoption proceeding and who wishes to contest the adoption on any ground set forth in this section [including contesting the validity of consent or relinquishment to the adoption] shall file a motion in the adoption proceeding within 30 days of service. The court shall set a hearing no less than 21 days from service on all adverse parties to the motion. . . .

Utah Code Ann. § 78–30–4.10 (1992). While a motion contesting the validity of consent would appear on the surface to fall under the purview of this statute, section 78–30–4.10 only applies to motions filed by persons who have been "served with a notice of the adoption proceeding."

Section 78–30–4.7 requires that "[n]otice of pendency of an adoption proceeding shall be served on . . . any person, agency, or institution whose consent or relinquishment is required under section 78–30–4.1 *unless those rights have been terminated by* waiver, relinquishment, *consent*, or judicial termination." *Id.* § 78–30–4.7. (emphasis added). As the "mother of an adoptee born outside of marriage," V.H. must consent to the adoption. *Id.* § 78–30–4.1. However, because her rights had already been terminated by her consent in court, she was not entitled to notice. *See id.* § 78–30–4.7 (requiring notice be given to natural mothers "unless those rights have been terminated"). Because V.H. was not entitled to receive notice of the adoption proceeding, any motion brought by her could not qualify as a motion filed under § 78–30–4.10.[3]

Section 78–30–4.10 only applies for the benefit of those interested parties who have not had a chance to object to the adoption. V.H. had her chance to object to the adoption at the time she gave her consent in open court on June 4, 1993. At that time, V.H.

---

**2.** This court has previously commented on the need for a moving party to clearly designate the provision under which a motion is brought. *See, e.g., State v. Parker*, 872 P.2d 1041, 1043 n. 1 (Utah App.1994). Failure to do so " 'greatly increases the burden on both the trial and the appellate courts by making it difficult to determine not only the substantive merits of the ap-

peal, but also whether the motion was timely filed.' " *Id.* (quoting *Fackrell v. Fackrell*, 740 P.2d 1318, 1319 (Utah 1987)).

**3.** Because the statute does not apply to her motion, V.H. also has no right to a hearing on the matter under § 78–30–4.10.

signed the Consent to Adoption by the Natural Mother. Section 78–30–4.3 establishes that "[a] consent or relinquishment is effective when signed and may not be revoked." V.H.'s parental rights were terminated by her consent on June 4, 1993. She could not revoke her consent after that date.

■ Even so, V.H. was not left without a remedy in challenging the validity of her consent. Rule 60(b) of the Utah Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may in the furtherance of justice relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (3) fraud ..., misrepresentation or other misconduct of an adverse party." V.H. has alleged misrepresentation by the adoptive parents as grounds for invalidating the consent order of June 4.[4] Thus, we treat V.H.'s motion to dismiss the petition as a Rule 60(b) motion. *See State v. Parker,* 872 P.2d 1041, 1044 (Utah App.1994) ("The fact that [the moving party] did not label his motion a Rule 60(b) motion is not dispositive. In determining the character of a motion, the substance of the motion, not its caption, is controlling." (citations omitted)).

Rule 60(b) requires that "[t]he motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), *not more than 3 months after* the judgment, order, or proceeding was entered or taken." Utah R.Civ.P. 60(b) (emphasis added). As previously mentioned, V.H. alleges the reasons stated in (3) of Rule 60(b), "fraud ..., misrepresentation or other misconduct" of the adoptive parents, as grounds for relief from her consent given in court. However, the consent order was entered on June 4, 1993. V.H. did not file her second motion until January 18, 1994, more than seven months after entry of the consent order. Because V.H.'s second motion was not filed within the

three-month time frame allowed under Rule 60(b), the motion was untimely.[5]

■ V.H. contends that her motion should be considered timely under Rule 60(b)'s saving clause, which states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court." Utah R.Civ.P. 60(b). This court has previously recognized that "[t]his clause permits a court to provide relief [by] an independent action when warranted by established equitable principles, even though the time for making a motion under 60(b) has run." *Maertz v. Maertz,* 827 P.2d 259, 260–61 n. 4 (Utah App.1992).

Nevertheless, V.H. did not bring an independent action by filing a separate suit and following the requisite procedures for doing so, but she instead made a motion within the original action. *See Shaw v. Pilcher,* 9 Utah 2d 222, 224, 341 P.2d 949, 950 (1959) (holding that plaintiff's attack of adoption decree based on fraud upon the court could only be considered timely under Rule 60(b) if pursued in independent action, and not by way of motion in original action). Rule 60(b)'s saving clause does not apply to V.H.'s motion.

Because V.H.'s motion was untimely, the trial court erred in considering the motion's merits and erred in denying the adoptive parents' motion to strike.[6] We therefore reverse, on cross-appeal, the trial court's denial of the motion to strike V.H.'s second motion to dismiss.

In so doing, we affirm the trial court's denial of V.H.'s second motion to dismiss, even though that denial was based on the merits. *See Maertz,* 827 P.2d at 262 ("We may affirm the trial court on any proper ground.") (citing *Weber v. Snyderville West,* 800 P.2d 316, 320 (Utah App.1990), *cert. de-*

---

4. She has also alleged, in her brief, undue influence in the execution of the hospital release. However, we fail to see how any alleged undue influence on May 14, 1993 is relevant to her consent on June 4, 1993, given in open court.

5. Although not before us, we note for the record that V.H.'s first motion was also beyond the permitted time.

6. While V.H. may bring an independent action against the adoptive parents for alleged fraud or misrepresentation, it is uncertain what remedy she could pursue. Even were she to prevail on such an action, she has no clear right to reinstatement of her parental rights or to otherwise undo the adoption.

*nied,* 815 P.2d 241 (Utah 1991)). Accordingly, we need not address V.H.'s constitutional claims nor her claims concerning the trial court's findings.

Furthermore, although there may be merit to the adoptive parents' motion to strike two affidavits provided by V.H. and their motion for Rule 11 sanctions, we do not reach these issues on cross-appeal. V.H.'s motion and accompanying affidavits should not have been considered in any event.

## CONCLUSION

V.H. has effectively appealed only the trial court's denial of her second motion to dismiss the petition. We can only consider that motion to be a Rule 60(b) motion for relief from her consent given in court. As such, her motion was untimely, and the trial court erred in considering its merits. We therefore reverse, on cross-appeal, the trial court's denial of the adoptive parents' motion to strike V.H.'s second motion on grounds of untimeliness. In so doing, we affirm the trial court's denial of V.H.'s second motion.

BILLINGS and JACKSON, JJ., concur.