**Walter F. PARRISH, Plaintiff and Appellant,**

v.

**LAYTON CITY CORPORATION, Defendant and Respondent.**

**No. 14018.**

Supreme Court of Utah.

Nov. 20, 1975.

———◆———

Walter F. Parrish, pro śe.

James W. Gilson and Stephen B. Nebeker, of Ray, Quinney & Nebeker, Salt Lake, City, for defendant and respondent.

MAUGHAN, Justice:

Plaintiff initiated this action to obtain damages and injunctive relief for the flooding of his property situated in Layton, Utah. In his complaint, plaintiff alleged that he had filed a verified claim with defendant on July 26, 1973, and that part of the damages he had sustained were incurred within 90 days immediately preceding the filing of his claim. Plaintiff pleaded that defendant had denied his claim; that the condition causing damages to his property still existed; and that his property remained in peril of further damage from flooding.

In his first claim, plaintiff alleged that, in the vicinity of his home, defendant had abandoned a sewer drain and left it unplugged, that during the rainy season (particularly during the latter part of April and continuing through May, 1973), water collected in the sewer drain, saturating plaintiff's property, causing the house and yard to sink. Plaintiff's home suffered structural damage; and his basement, where he maintained a rental unit, was inundated with water.

In his second claim, plaintiff alleged that defendant had been in the process of constructing a drainage facility known as Kays Creek Canal during a period extending from summer of 1970 to July, 1973.

Allegedly, during April and May, defendant deposited trash material upon plaintiff's property, destroying the use and enjoyment of this property. Furthermore, defendant allegedly removed top soil (valued at $3,000 by plaintiff) from his property. Plaintiff alleged that prior to the construction of the canal he had an elaborate drainage system, which removed excess water from his property. Upon conclusion of construction of the canal, the drains were not replaced and plaintiff's property was left without proper means of drainage. Plaintiff further alleged that defendant had hewn down an apricot tree and grape vines during the construction of the canal within the 90-day period preceding the filing of his verified claim.

In his prayer, plaintiff sought damages of $8,320. He further sought a mandatory injunction requiring defendant to connect plaintiff's drains to the flood canal and to disconnect, plug, or remove the sewer drain so that water would not continue to be funneled in and around plaintiff's house.

In its answer, defendant pleaded that plaintiff had failed to file timely a verified claim as provided in section 10–7–77, U.C.A., 1953, and his claim was, therefore, barred. As a separate defense, defendant asserted that plaintiff had failed to comply wtih the provisions of section 63–30–13, U.C.A.1953, and the claim was thus barred. Finally, defendant alleged that under the doctrine of res judicata, plaintiff's claim was barred, since plaintiff had previously filed an action in Davis County, Civil No. 17649, entitled *Walter F. Parrish v. Layton City Corporation* and *Utah State Road Commission*; that in this prior action, a judgment pursuant to a motion to dismiss was granted on October 1, 1973; and defendant subsequently dismissed his appeal from this judgment, by stipulation on June 13, 1974.

Defendant then made a motion for summary judgment on the ground that the pleadings on file in the instant action and the pleadings on file in Civil No. 17649 show there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law.

The trial court granted defendant's motion for summary judgment on the ground that plaintiff was barred from recovery by the doctrine of res judicata, and by plaintiff's continued failure to comply with the notice of claim provisions of the Utah Governmental Immunity Act.

■ A survey of the record reveals that defendant never submitted a copy of the pleadings and judgment in Civil No. 17649 to the trial court, either in its pleadings [1] or in company with its motion for summary judgment. The mere fact that there was a record of another action on file in the clerk's office did not place these records in evidence.[2] Rule 68(1) and (3), U.R.E., and Rule 44(a) and (d), U.R.C.P., provide the methods by which a judicial record may be proved. Since the record of the prior action was not before the trial court, there is no basis to sustain the determination that plaintiff's claim was barred by the doctrine of res judicata.

■ In his complaint, plaintiff alleged he had sustained certain damages within the 90-day period immediately preceding the filing of his verified claim with the city. These facts were denied in defendant's answer and remained contested issues of fact. Since defendant's motion for summary judgment was based solely on its pleadings and was not made and supported as provided in Rule 56(c), U.R.C.P., plaintiff could rest on the allegations in his pleadings (Rule 56(e), U.R.C.P.).

There is one other aspect of the instant action which merits clarification, the applicable notice provision of the Utah Governmental Immunity Act.

1. See *Mathews v. Mathews*, 102 Utah 428, 432, 132 P.2d 111 (1942).

2. See *Larsen v. Ryan*, 54 Utah 250, 258, 180 P. 178 (1919).

Section 63–30–13, U.C.A.1953, as amended 1965, provides:

A claim against a political subdivision shall be forever barred unless notice thereof is filed within ninety days after the cause of action arises; provided, however, that any claim filed against a city or incorporated town under section 63–30–8 shall be governed by the provisions of section 10–7–77, Utah Code Annotated, 1953.

Section 63–30–8 provides:

Immunity from suit of all governmental entities is waived for any injury caused by a defective, unsafe, or dangerous condition of any highway, road, street, alley, crosswalk, sidewalk, culvert, tunnel, bridge, viaduct or other structure located thereon.

Under Section 63–30–13, it is only the structures specified or structures located thereon in Section 63–30–8 which fall within the ambit of Section 10–7–77, U.C.A. 1953. Defendant in its answer asserted that plaintiff had neither filed a verified claim as provided in Section 10–7–77, nor had ·he complied with Section 63–30–13. Significantly, plaintiff had filed his verified claim July 26, 1973. Section 10–7–77 was amended in 1973, and as of May 8, 1973, this statute no longer required verification and further it extended the time in which to file a claim from 30 days to six months after occurrence of injury caused by a condition of the structures specified. Since the trial court cited the entire Chapter 30 of Title 63 in its determination that plaintiff had failed to comply with the claim provisions therein, it is impossible to ascertain which provision was considered applicable, viz. the 90-day period of Section 63–30–13, or the six-month period of Section 10–7–77, as it is incorporated into Section 63–30–13, in regard to the structures designated in Section 63–30–8.

Illustrative here is the matter of *Dahl v. Salt Lake City*,[3] where plaintiff sought damages for injuries to his crops allegedly caused by the seepage of water from the city's canal. This court explained that Section 312, L.1905, ch. 5, Section 1 (which is substantially the same as Section 10–7–77, U.C.A.1953) divided claims into two classes. One class consisted of claims for damages or injuries alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert, or bridge, which must be presented within 30 days after the happening of such injury or damage. The other class consisted of every claim other than the claims specified in the first class. This court held that plaintiff's damage caused from the seepage of the canal did not fall within the provisions of the first class.

Also pertinent is *Wall v. Salt Lake City*,[4] where this court held the provisions of the claim statute, 312, 313, Comp.Laws Utah 1907 [5] were not applicable to cases where the principal relief sought was equitable and the damage prayed for was merely incidental.

Section 63–30–9, U.C.A.1953, as amended 1965, provides:

Immunity from suit of all governmental entities is waived for any injury caused from a dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement. ·Immunity is not waived for latent defective conditions.

This provision distinguishes the enumerated structures and other public improvements from those specified in 63–30–8. Since plaintiff has claimed his damages were partially incurred from the defective conditions of a sewer drain and a canal, which fall within the purview of 63–30–9, the 90-day provision of Section 63–30–13

3. 45 Utah 544, 147 P. 622 (1915).

4. 50 Utah 593, 608, 168 P. 766 (1917).

5. The predecessor statutes to §§ 10–7–77, 78, U.C.A. 1953.

appears applicable. There is a significant contrast in the language of Section 63–30–13 and Section 10–7–77. The former merely requires notice of a claim be filed within 90 days after the cause of action arises. The latter requires many specific details be included in the claim, which must be filed within six months after the happening of the injury or damage.

In his complaint, plaintiff in his first claim has in effect alleged that defendant has created a condition by disconnecting a sewer drain which during the rainy season seriously interfered with his use and enjoyment of his land, i. e. creating a private nuisance. Sovereign immunity has been waived under Section 63–30–9 for an action for private nuisance insofar as the action is predicated on a dangerous or defective condition of a public improvement that unreasonably interferes with the use and enjoyment of the claimant's property.[6] Plaintiff has sought abatement of this nuisance and damages; previously he had petitioned the city for appropriate relief including damages.[7]

In his second claim, plaintiff has alleged that in construction of the canal, defendant has materially interfered with plaintiff's use and enjoyment of his property to the extent that there has been a "taking" thereof without due compensation.[8] In particular, plaintiff pleaded to be restored his easement to run his drainage system into the canal.

Since the trial court awarded summary judgment solely on the basis of the pleadings of the parties, which left in issue many material facts, this case must be reversed and remanded for further proceedings, in consonance with this opinion.

HENRIOD, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting):

I dissent from the holding that the trial court could not find res judicata. The main opinion says, "A survey of the record reveals that defendant never submitted a copy of the pleadings and judgment in Civil No. 17649 to the trial court."

The true statement should be that the record does *not* show that the files in Civil No. 17649 were *not* before the trial court. There is no transcript before us, and it is mere speculation to say that counsel did not hand file No. 17649 to the judge and say, "Will Your Honor take judicial notice of papers in this file?"

We presume the judge acted properly and based his ruling on credible evidence. One who attacks the judgment of the Trial Court has the burden of showing error, and when the transcript of a proceeding in court is not brought before us, we cannot speculate that perhaps there was no proper evidence to sustain the ruling made.[1]

There is in the record before us a certified copy of the complaint in Case No. 17649 which clearly shows that the claims made in the instant matter were set forth therein.

I would therefore affirm the ruling of the trial court.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, J.

---

6. *Sanford v. University of Utah*, 26 Utah 2d 285, 292, 488 P.2d 741 (1971).

7. See 63–30–11, U.C.A.1953, as amended 1965.

8. See *Hampton v. State Road Commission*, 21 Utah 2d 342, 445 P.2d 708 (1968) and Section 63–30–6, U.C.A.1953, as amended 1965.

1. *In re Voorhees' Estate*, 12 Utah 2d 361, 366 P.2d 977.