1999 UT App 230

MACRIS & ASSOCIATES, INC., Appellee
and Cross–appellant,

v.

NEWAYS, INC.; Thomas E. Mower;
and Leslie D. Mower Appellants
and Cross–appellees.

No. 981004–CA.

Court of Appeals of Utah.

July 22, 1999.

Rehearing Denied Sept. 3, 1999.

Allen K. Davis and Christopher S. Crump, Salem, for Appellants.

D. Frank Wilkins and Chris R. Hogle, Berman, Gaufin, Tomsic, Savage, Salt Lake City, for Appellee.

Before GREENWOOD, Associate P. J., and BENCH, and DAVIS, JJ.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Macris & Associates, Inc. (Macris) appeals the trial court's grant of summary judgment in favor of Neways, Inc. (Neways) and Thomas and Leslie Mower on Macris's claims for fraudulent transfer and alter ego. Neways appeals from the trial court's grant of summary judgment in favor of Macris on its claim of successor liability. We reverse and remand on both summary judgments.

## BACKGROUND [1]

¶ 2 In August 1989, Macris entered into a distributorship agreement with Images & Attitude, Inc. (Images) in which Macris agreed to sell products provided by Images. In March 1991, Images terminated the agreement and Macris subsequently filed suit against Images seeking damages for breach of contract. In August 1992, approximately one month before the original trial date in Macris's suit against Images, Images transferred some of its assets to Neways. The parties dispute whether that transfer consisted of substantially all of Images's assets. Trial ultimately took place in September

1995, and the trial court concluded Images had breached its contract with Macris. Consequently, the court entered a judgment awarding damages to Macris for the period from August 1989 to August 1992, the date that Neways took over Images's business. This court upheld the trial court's judgment and award of damages in *Macris I*.

¶ 3 Two days before the trial in the action against Images began, Macris filed a separate action against Neways and its president and vice president, Thomas and Leslie Mower, alleging fraudulent transfer, successor liability, and alter ego. Macris sought reinstatement of the distributorship and payment by Neways of both the damages awarded against Images in the previous suit, and additional damages for the new claims against Neways. Both Macris and Neways moved for summary judgment in the second suit.

¶ 4 On September 19, 1997, the trial court determined that Neways, as Images's successor, was responsible to pay the damages awarded to Macris in the previous suit against Images, but that res judicata barred all of Macris's other claims for damages against Neways. Consequently, the trial court granted summary judgment in favor of Macris for the damages previously awarded and granted summary judgment in favor of Neways and the Mowers for all other claims brought against them by Macris. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Macris argues the trial court erred in concluding res judicata barred its claims for fraudulent transfer and alter ego. Neways contends material issues of fact preclude summary judgment against it on Macris's successor liability claim. A trial court's determination of whether res judicata bars an action " 'presents a question of law. We review such questions for correctness, according no particular deference to the trial court.' " *Gardner v. Madsen*, 949 P.2d 785, 788 (Utah Ct.App.1997) (citation omitted). Furthermore, "[s]ummary judgment is appropriate only when no genuine issue of ma-

---

1. The relevant facts of the litigation and appeal that preceded and led to this case can be found in *Macris & Associates v. Images & Attitude, Inc.*, 941 P.2d 636 (Utah Ct.App.1997) (Macris I).

terial fact exists and the moving party is entitled to judgment as a matter of law." *S.W. Energy Corp. v. Continental Ins. Co.*, 974 P.2d 1239, 1241 (Utah 1999) (citing Utah R. Civ. P. 56(c)). "We review the district court's grant of summary judgment for correctness, according no deference to the court's legal conclusions," *Thompson v. Jess*, 979 P.2d 322, 325 (Utah 1999), and "'accept the facts and inferences in the light most· favorable to the losing party.'" *Nyman v. McDonald*, 966 P.2d 1210, 1211 (Utah Ct. App.1998) (citation omitted).

## ANALYSIS

### I. Claim Preclusion

■ ¶ 6 Neways argues the trial court properly granted summary judgment in its favor because Macris's claims against it were barred by res judicata. Neways contends the claim preclusion branch of res judicata bars Macris's claims because it could have joined Neways as a party in the prior action against Images and asserted the claims now pursued in this action. *See State ex rel. T.J.*, 945 P.2d 158, 162 (Utah Ct.App.1997). A party arguing that claim preclusion bars an action against it must show that: (1) "both cases ... involve the same parties or their privies"; (2) "the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action"; and (3) "the first suit must have resulted in a final judgment on the merits." *Id.* at 162 (citation omitted). Our analysis focuses on the second of these elements.

■ ¶ 7 Neways argues that because Macris knew of its claims against Neways for two years before the trial in the case against Images began, Macris could and should have included the claims against Neways in that action. Under Rule 20 of the Utah Rules of Civil Procedure, Macris clearly *could* have joined Neways in the action against Images

instead of filing a separate action. *See* Utah R. Civ. P. 20 (allowing joinder of defendants in an action "if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action"). Therefore, this case turns on whether Macris *should* have litigated its claims against Neways in the earlier action.

¶ 8 In arguing that it was not required to include the claims against Neways in the earlier action against Images, Macris relies on case law from other jurisdictions holding that a party is required to include claims in an action only if those claims arose before the *filing* of the complaint in the earlier action. We find that case law persuasive.[2]

¶ 9 Because of the difficulty in answering the normative question of whether a party *should* have brought additional claims in a given fact situation, we adopt a test requiring a party to include only those claims that arose before the filing of the complaint in the first action. As one commentator noted:

> Substantial disruption could result from forced amendment at any time after significant discovery has been accomplished, and it is hard to justify any test relating to the progress of discovery or other pretrial events so clear that plaintiffs could afford to apply it without seeking explicit judicial guidance. Perhaps the best rule would be that claims for damages need include only matters arising out of .injuries inflicted before the commencement of [the first] suit, while claims for declaratory or injunctive relief that intrinsically deal with conduct persisting through trial or into the future should embrace all matters arising prior to the close of trial or even judgment.

18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4409 (Supp.1998); *see also Green v. Illinois Dept. of Transp.*, 609

---

2. Neways cites two cases to support its argument that res judicata barred Images's action against it. *See Ringwood v. Foreign Auto Works, Inc.*, 786 P.2d 1350 (Utah 1990) (requiring joinder of claim based on contract executed before filing of complaint in first action); *Masters v. Worsley*, 777 P.2d 499 (Utah Ct.App.1989) (concluding later action not barred by res judicata because facts giving rise to second action unknown at time first action filed). Because these cases are factually distinguishable from the case at bar, we conclude they are not controlling. Further, we note that no Utah cases directly address the issue in this appeal.

F.Supp. 1021, 1026 (D.Ill.1985) ("[I]t is difficult, if not impossible, for a court to draw a line as to when in a previous lawsuit a plaintiff should have tried to add a later-maturing claim. A rule requiring amendment would be difficult for courts and plaintiffs to apply and could disrupt or needlessly complicate the first suit.").

¶ 10 We note this result comports with *Badger v. Badger,* 69 Utah 293, 254 P. 784 (1927), in which the Utah Supreme Court held that a plaintiff need only include claims in a suit if the plaintiff was aware of the facts upon which the later claim was based "at the time ... the first petition was *filed." Id.* at 778 (emphasis added). Our decision is also consistent with the decisions of several courts in other jurisdictions that have held that a party is not required to include claims in an earlier suit unless the claims arose before the filing of the complaint in the earlier suit or before the filing of plaintiff's last pleading therein.

¶ 11 For example, in *NAACP v. Los Angeles,* 750 F.2d 731 (9th Cir.1984), the Ninth Circuit Court of Appeals held that res judicata did not bar claims based on rights acquired during a pending action that might have been, but were not, litigated:

> The scope of litigation is framed by the complaint at the time it is filed. The rule that a judgment is conclusive as to every matter that might have been litigated "does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated." Plaintiffs may bring events occurring after the *filing* of the complaint into the scope of the litigation by filing a supplemental complaint with leave of court, but there is no requirement that plaintiffs do so.

*Id.* at 739 (citations omitted & emphasis added). The court further stated: "We decline to impose a potentially unworkable requirement that every claim arising prior to entry of a final decree must be brought into the pending litigation or lost." *Id.* at 739 n. 9.

¶ 12 The Eleventh Circuit adopted this line of reasoning in *Manning v. City of Auburn,* 953 F.2d 1355 (11th Cir.1992), and rejected the argument that claims that "could have been brought" in earlier litigation include those which arose after the complaint in the earlier litigation was filed. *Id.* at 1360. The court further held that "for res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." *Id.*

¶ 13 Similarly, in *Green,* the court held that res judicata is only applicable to claims "based upon acts which occurred *before the first complaint was filed." Green,* 609 F.Supp. at 1026 (citations omitted & emphasis added). In that case, an action based on failure to promote and retaliation was dismissed for failure to prosecute. *See id.* at 1023. In response to a second suit by plaintiff, defendants filed a motion to dismiss, arguing the second suit was barred by res judicata. *See id.* The court held that "[r]es judicata bars relief here to the extent it is based upon acts which occurred before the first complaint was filed, as those acts are part of the same core of facts that [plaintiff] alleged in his first suit." *Id.* at 1024. The court held, however, that the second suit could continue insofar as it was based on facts occurring after the filing but before dismissal of the first suit—notwithstanding that these facts were related to those in the first suit. *See id.* "A continuing course of conduct by a defendant, even if related to conduct complained of in an earlier suit, generally creates a separate cause of action." *Id.*

¶ 14 In this case, the facts giving rise to Macris's claims against Neways—Neways's takeover of Images's business—arose after Macris filed its amended complaint against Images. Accordingly, res judicata did not require Macris to include claims against Neways in its earlier action against Images. We therefore conclude the trial court erred in granting summary judgment in favor of Neways on Macris's claims for fraudulent transfer and alter ego.

## II. Successor Liability

¶ 15 We further conclude the trial court erred in granting summary judgment

on Macris's claims for successor liability because disputed issues of material fact exist as to whether Neways was Images's successor. The rule for a claim based on successor liability is that

> where one company sells or otherwise transfers all its assets to another company the latter is not liable for the debts and liabilities of the transferor, except where: (1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts.

*Florom v. Elliott,* 867 F.2d 570, 575 n. 2 (10th Cir.1989).

¶ 16 Although the trial court found that Neways was Images's successor, our review of the record reveals that disputed issues of material fact exist as to whether Neways had the same officers and directors as Images,[3] whether there was consideration for the transfer of assets from Images to Neways, and whether Images fraudulently transferred its assets to Neways to avoid paying Macris damages awarded in the first suit. Because material disputed facts exist, we conclude the trial court erred in granting summary judgment on Macris's claim for successor liability.

## CONCLUSION

¶ 17 The facts giving rise to Macris's claim against Neways arose after Macris filed its amended complaint in the action against Images. As a result, the doctrine of claim preclusion did not require Macris to litigate its claims against Neways in the earlier action. Thus, the trial court erred in granting summary judgment in favor of Neways on Macris's claims for fraudulent transfer and alter ego. Moreover, because material disputed facts exist as to whether Neways was Images's successor, the trial court also erred in granting summary judgment in favor of Macris on its claims for successor liability.

---

**3.** Neways admitted that it is Images's privy for purposes of Macris's motion for summary judgment. This admission, however, was made in

We therefore reverse and remand for proceedings consistent with this opinion.

¶ 18 WE CONCUR: RUSSELL W. BENCH, Judge, and JAMES Z. DAVIS, Judge

opposition to Macris's motion for summary judgment; thus, Neways is not bound by this admission for purposes of the successor liability claim.