2000 Utah Ct. App. 020

**PGM, INC.; and Carla C. Zimmerman, Plaintiffs and Appellants,**

v.

**WESTCHESTER INVESTMENT PARTNERS, LTD., Defendant and Appellee.**

No. 990420–CA.

Court of Appeals of Utah.

Feb. 10, 2000.

Brent D. Young and Laurel M. Crossman, Ivie & Young, Provo, for Appellants.

Cameron S. Denning, Dart Adamson Donovan & Hansen, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BENCH and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

¶ 1  In a separate trial court proceeding, appellee Westchester Investment Partners, Ltd. (Westchester) prevailed on its counterclaim for breach of lease against Paria Group (Paria), a corporation. *See Paria Group v. Westchester Investment Partners, Ltd.*, 2000 UT App 019 (the Paria litigation).  The trial court in the Paria litigation entered judgment against Paria and also against Stephen Zimmerman and PGM, Inc. (PGM), another corporation, as alter egos of Paria.  PGM filed this collateral attack on the judgment, arguing that Westchester's judgment was void against PGM because PGM was not named, was not served, and did not appear in the Paria litigation.  Westchester responded by filing a motion to dismiss PGM's complaint.  The trial court dismissed PGM's complaint, holding that the Paria litigation was res judicata against PGM. PGM now appeals the dismissal of its complaint.  We reverse and remand.

## ISSUE AND STANDARD OF REVIEW

¶2 The issue on appeal is whether undisputed facts establish the elements of res judicata as a matter of law. PGM argues that issues of material fact exist as to whether PGM is Paria's privy and that the trial court therefore erred by dismissing PGM's complaint on grounds of res judicata.[1]

¶3 "[T]he propriety of a trial court's decision to grant or deny a motion to dismiss is a question of law that we review for correctness." *Tiede v. State*, 915 P.2d 500, 502 (Utah 1996). Whether res judicata bars PGM's collateral attack on the Paria court's judgment against PGM likewise presents a question of law that we review for correctness. *See Macris & Assocs., Inc. v. Neways, Inc.*, 1999 UT App 230, ¶5, 986 P.2d 748.

## ANALYSIS

¶4 The doctrine of res judicata has two branches, claim preclusion and issue preclusion. *See, e.g., In re T.J.*, 945 P.2d 158, 162 (Utah Ct.App.1997). Claim preclusion bars an action when: (1) "both cases ... involve the same parties or their privies"; (2) "the claim that is alleged to be barred [was] presented in the first suit"; and (3) "the suit ... resulted in a final judgment." *Id.*

¶5 Issue preclusion bars relitigation of the same issue litigated in prior litigation when:

"First, ... the issue challenged in the case at hand [was] identical to the issue decided in the previous action. Second, the issue in the previous action [was] decided in a final judgment on the merits. Third, the

issue in the previous action [was] competently, fully, and fairly litigated. Fourth, the opposing party in the action at hand [was] either a party or privy to the previous action."

*Stevensen v. Goodson*, 924 P.2d 339, 353 (Utah 1996) (quoting *Sevy v. Security Title Co.*, 902 P.2d 629, 632 (Utah 1995)). The burden of establishing the elements of res judicata is upon Westchester in this case. *See Timm v. Dewsnup*, 851 P.2d 1178, 1184 (Utah 1993).

¶6 PGM contends that the elements of res judicata are not met because it is not in privity with any party to the Paria litigation. Westchester argues that the elements of res judicata are met because the Paria court's findings are binding upon PGM for the purposes of establishing privity. We conclude that the Paria court's findings are not binding on PGM for the purpose of establishing the elements of res judicata against PGM in this litigation.[2]

¶7 The United States Supreme Court addressed a similar issue in *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). In that case, Zenith was involved in litigation with HRI, a wholly owned subsidiary of Hazeltine Corporation (Hazeltine). At trial, Zenith prevailed on some of its claims against HRI. During the litigation, HRI and Zenith had stipulated that HRI and Hazeltine were alter egos. Relying on that stipulation, the trial court entered judgment and awarded damages against both HRI and Hazeltine

---

1. PGM also argues that Westchester failed to show that the alter ego and fraudulent transfer issues were fully and fairly litigated because Westchester did not supply the trial court with the full record from the Paria litigation. *Cf. Stevensen v. Goodson*, 924 P.2d 339, 353 (Utah 1996). However, this court has held that, when the moving party produces documents that make a facial showing that a particular issue was litigated, the burden falls to the nonmoving party to show that the record before the court did not establish that the issue was in fact litigated. *See Macris & Assocs., Inc. v. Images & Attitude*, 941 P.2d 636, 640–41 (Utah Ct.App.1997) (holding that burden was on nonmoving party to show issue was not litigated where moving party presented arbitrator's order showing issue had been litigated); *Mel Trimble Real Estate v. Monte Vista Ranch, Inc.*, 758 P.2d 451, 455 (Utah Ct.App.

1988) (holding that burden was on nonmoving party to show issue was not litigated where moving party presented supreme court opinion showing issue had been litigated).

In the present case, Westchester provided the trial court with the Findings of Fact and Conclusions of Law and the Order and Judgment from the Paria litigation. These documents show on their face that the alter ego and fraudulent transfer issues were litigated and decided by the trial court in that case. The burden was therefore upon PGM to show that the issue litigated in the prior suit was not the same.

2. The same analysis applies to the Paria court's conclusion that PGM was a party to a fraudulent transfer. PGM must be given the opportunity to litigate that issue on remand.

even though Hazeltine had not been served and had not been named in the lawsuit.

■ ¶ 8 Hazeltine appealed the judgment against it, asserting that neither the stipulation nor judgment were binding because it had been neither named nor served in the lawsuit.[3] The Supreme Court agreed:

The Court of Appeals was quite right in vacating the judgments against Hazeltine. It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.... The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant....

Here, Hazeltine was not named as a party, was never served and did not formally appear at the trial. Nor was the stipulation an adequate substitute for the normal methods of obtaining jurisdiction over a person or a corporation....

Perhaps Zenith could have proved and the trial court might have found that HRI and Hazeltine were *alter ego* s; but absent jurisdiction over Hazeltine, that determination would bind only HRI. If the *alter ego* issue had been litigated, and if the trial court had decided that HRI and Hazeltine were one and the same entity and that jurisdiction over HRI gave the court juris-

diction over Hazeltine, perhaps Hazeltine's appearance before judgment with full opportunity to contest jurisdiction would warrant entry of judgment against it. But that is not what occurred here. The trial court's judgment against Hazeltine was based wholly on HRI's stipulation.... [HRI's stipulation] cannot foreclose Hazeltine, which has never had its day in court on the question of whether it and its subsidiary should be considered the same entity for purposes of this litigation.

*Id.* at 110–11, 89 S.Ct. at 1569–70. *Zenith* and its progeny stand for the proposition that judgment against a party is binding against privies to those parties, but those privies must be permitted their day in court to contest their status as privies.[4] Following *Zenith*, the Paria court's alter ego findings do not bind PGM, either for the purpose of enforcing the judgment in the Paria litigation or for the purpose of establishing privity in PGM's collateral attack.

¶ 9 Westchester attempts to distinguish *Zenith* because, in this case, the alter ego issue was litigated rather than stipulated. Westchester supports its argument with citations to Utah cases in which judgment was upheld against corporations that were not named parties. *See, e.g., Envirotech Corp. v. Callahan,* 872 P.2d 487 (Utah Ct.App.1994); *Watson v. Watson,* 837 P.2d 1 (Utah Ct.App. 1992); *Colman v. Colman,* 743 P.2d 782

3. Hazeltine argued that the stipulation was solely for the purposes of discovery, but Zenith argued that the stipulation was for purposes of submitting to judgment. Those arguments do not appear to have been considered in the Supreme Court's opinion.

4. This holds true when such liability is premised on successor liability, *see, e.g., Panther Pumps & Equip. Co. v. Hydrocraft, Inc.,* 566 F.2d 8, 25 (7th Cir.1977) ("To determine whether privity existed, *we must determine* whether Chrysler has succeeded in interest to the subject matter of the prior decree.") (emphasis added); alter ego, *see, e.g., Mansfield v. Pierce,* No. 96–1904, 1998 U.S.App. LEXIS 17086, at *17 (4th Cir. July 27, 1998) (same); *Wm. Passalacqua Builders. Inc. v. Resnick Dev. S. Inc.,* 933 F.2d 131, 142–43 (2d Cir.1991) (judgment enforced where trial court had jurisdiction over defendant in enforcement action in which alter ego was litigated); *Crest Tankers, Inc. v. National Maritime Union of Am.,* 796 F.2d 234, 239 (8th Cir.1986) (remanding for consideration of alter ego doctrine because col-

lateral estoppel not available on basis of findings in prior proceedings); *Dudley v. Smith,* 504 F.2d 979, 981–82 (5th Cir.1974) (judgment in prior case res judicata against defendant's alter ego where alter ego issue was litigated in subsequent enforcement action); *Shamrock Oil & Gas Co. v. Ethridge,* 159 F.Supp. 693, 697–98 (D.Colo.1958) (alter ego issue litigated in action for replevin of judgment proceeds), or fraudulent transfer, *see, e.g., Tanaka v. Nagata,* 76 Hawai'i 32, 868 P.2d 450, 454 (1994) (transferee who retains title is necessary party to action seeking to set aside transfer); *Mihajlovski v. Elfakir,* 135 Mich.App. 528, 355 N.W.2d 264, 267 (1984) ("A grantee who retains title to the property is a necessary party in an action to set aside a fraudulent conveyance.") (citation omitted); *Johnson v. Johnson,* 93 Nev. 655, 572 P.2d 925, 926 (1977) (same); *see also, Taylor v. Barker,* 70 Utah 534, 262 P. 266, 267 (1927) ("The law is well settled that as a general rule a judgment is effective only between parties to the action and their privies, and that no rights whatever, either in favor or against strangers to the judgment, are acquired,

(Utah Ct.App.1987).[5] However, those cases are all distinguishable from the present case.

¶ 10 *Envirotech* is distinguishable in that it came to this court under a different procedural posture. There, the corporation that was not party to the action, but against which judgment was entered, sought to intervene for the first time on appeal. *See* 872 P.2d at 500–01. We did not address the corporation's arguments on the merits but rather denied the corporation's motion to intervene on appeal. *See id.* at 501. Here, PGM has filed a collateral attack rather than seeking to intervene on appeal, a method consistent with the holding of *Envirotech.*

¶ 11 *Watson* and *Colman* are likewise distinguishable in that neither case addressed the issue of personal jurisdiction. In those cases, judgment was entered against a corporation that was not named in the lawsuit, and the *named* defendant argued that the evidence was insufficient to sustain the finding of alter ego against the corporation. That is, the appellants argued the merits of the alter ego theory rather than contesting personal jurisdiction. In neither case did the corporation against which judgment was entered appear to contest personal jurisdiction. *See Watson,* 837 P.2d at 5; *Colman,* 743 P.2d at 786–88. Rather, in both cases the evidence was found sufficient and the alter ego finding was affirmed. *See Watson,* 837 P.2d at 5; *Colman,* 743 P.2d at 786–88.

¶ 12 Either intentionally or unintentionally, the corporations in *Watson* and *Colman* waived personal jurisdiction. *See, e.g., SII MegaDiamond, Inc. v. American Superabra-*

*sives Corp.,* 969 P.2d 430, 438 (Utah 1998) (noting that objection to personal jurisdiction is waived if not timely raised) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.")). Therefore, neither *Colman* nor *Watson* is relevant to the issue of personal jurisdiction.

¶ 13 Because the Paria court's findings are not binding on PGM, there are insufficient undisputed facts to support the conclusion that PGM is a privy of parties in the Paria litigation or a party to a fraudulent transfer. In particular, PGM and Westchester dispute whether the transfer of Paria's assets was for value, and, as we have concluded, the Paria court's finding on that question is not binding on PGM.

¶ 14 We therefore reverse the dismissal of PGM's complaint and remand for a hearing on the issue of whether PGM is the alter ego of Paria or Stephen Zimmerman and whether PGM was a party to a fraudulent transfer.

¶ 15 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and RUSSELL W. BENCH, Judge.

---

lost, or affected by reason of the judgment.") (citation omitted).

5. Westchester also cites *Ringwood v. Foreign Auto Works, Inc.,* 786 P.2d 1350 (Utah Ct.App.

1990). In that case, however, judgment was enforced only against parties named and appearing in the litigation.