2003 UT App 131

Jay BUSCH, Petitioner and Appellant,

v.

Cindy A. BUSCH, Respondent and Appellee.

No. 20010789–CA.

Court of Appeals of Utah.

May 8, 2003.

Scott B. Mitchell, Salt Lake City, for Appellant.

Steven C. Tycksen and W. Kevin Tanner, Zoll & Tycksen, Murray, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE, Jr.

## OPINION

THORNE, Jr., Judge:

¶ 1 Jay Busch (husband) moved the trial court to clarify an earlier divorce decree. The court denied the motion on the ground that the issues therein had already been ruled upon by the United States Bankruptcy Court and were, therefore, barred by the doctrine of res judicata. Husband appeals and we reverse and remand.

## BACKGROUND

¶ 2 Cindy A. Busch (wife) and husband were divorced on January 18, 2000. Wife retained physical custody of the minor child and husband was ordered to pay child support until the child reached the age of majority as well as alimony for thirteen years and eleven months or until wife remarried. Husband was also directed to "assume and pay and hold [wife] harmless from the . . . second mortgage on the parties' home."

¶ 3 On July 28, 2000, husband filed for chapter 13 bankruptcy protection. Wife remarried in September 2000 and husband's alimony obligation ceased at that time. On March 22, 2001, husband filed a motion ask-

ing the trial court to clarify its earlier divorce decree and arguing that his obligation to "pay and hold [wife] harmless ... from the parties' second mortgage was in the nature of alimony which terminated upon [wife's] remarriage." Husband further "request[ed] a determination that his obligation to pay the second mortgage was not in the nature of child support."

¶ 4 Wife opposed husband's motion for clarification and argued that the issue of whether the second mortgage obligation was in the nature of child support or alimony had been addressed by the bankruptcy court. Wife claimed that the bankruptcy court's ruling was res judicata. In support of her position, wife tendered an unsigned copy of an order from the bankruptcy court stating that husband's obligation to pay the second mortgage "had the affect of providing support for the minor child ... and [was] entitled to priority status in bankruptcy." The commissioner denied husband's motion and husband objected to the district court, where his motion was again denied. In its order, the trial court stated:

1. The Court finds that the Bankruptcy Court exercised its concurrent jurisdiction in the [husband's] bankruptcy case and found that the [husband's] obligation to pay the second mortgage was a debt that was in the nature of support and was therefore non-dischargeable.

2. In view of that ruling[,] it is the opinion of this Court that the issue now sought to be brought before this court in [husband's] Motion is, in fact, Res Judicata because of [the bankruptcy court's] ruling on the same issue.

3. The Court therefore declines to rule further on this matter.

4. The [husband's] Motion to Clarify the Decree is therefore denied.

Husband appeals.

## ANALYSIS

¶ 5 Husband argues that the trial court erred when it determined that res judicata prevented the court from considering his motion, because the issues litigated in bankruptcy court were different from the issues raised in the motion to the trial court. "A

trial court's determination of whether res judicata bars an action 'presents a question of law. We review such questions for correctness, according no particular deference to the trial court.'" *Macris & Assocs. v. Neways, Inc.*, 1999 UT App 230,¶ 5, 986 P.2d 748 (citation omitted), *modified, Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, 16 P.3d 1214, *aff'd, Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, 16 P.3d 1214.

¶ 6 "The doctrine of res judicata has two branches, claim preclusion and issue preclusion." *PGM, Inc. v. Westchester Inv. Partners, Ltd.*, 2000 UT App 20,¶ 4, 995 P.2d 1252. Wife's claim of res judicata is based upon issue preclusion, also known as "collateral estoppel." *Stevensen v. Goodson*, 924 P.2d 339, 353 (Utah 1996).

Issue preclusion [or collateral estoppel] bars relitigation of the same issue litigated in prior litigation when: 'First, ... the issue challenged in the case at hand [was] identical to the issue decided in the previous action. Second, the issue in the previous action [was] decided in a final judgment on the merits. Third, the issue in the previous action [was] competently, fully, and fairly litigated. Fourth, the opposing party in the action at hand [was] either a party or privy to the previous action.'

*PGM, Inc.*, 2000 UT App 20 at ¶ 5, 995 P.2d 1252 (second, third, fourth, fifth, and sixth alteration in original) (quoting *Stevensen*, 924 P.2d at 353 (other citations omitted)). The party asserting res judicata has the burden to prove its elements. *See Macris & Assocs. v. Images & Attitude*, 941 P.2d 636, 640 (Utah Ct.App.1997).

¶ 7 In *Stevensen*, defendant argued that res judicata prevented plaintiff from changing the valuation of a piece of property because plaintiff had already attributed a value to that piece of property in a previous bankruptcy proceeding. *See* 924 P.2d at 352–53. On appeal, the Utah Supreme Court rejected this claim because "a complete record of the bankruptcy proceeding was not made a part of the record in the instant case," thus "nothing in the record shows that the elements of collateral estoppel[, or issue preclusion,] have been met." *Id.* at 353.

¶ 8 Likewise, in *Parrish v. Layton City Corp.*, the defendant alleged that the plaintiff's claims were barred by res judicata because they had been addressed in an earlier action. *See* 542 P.2d 1086, 1087 (Utah 1975). The trial court granted the defendant's motion for summary judgment on this ground. *See id.* On appeal, the Utah Supreme Court noted that

> [a] survey of the record reveals that defendant never submitted a copy of the pleadings and judgment in [the earlier case], either in its pleadings or in company with its motion for summary judgment. The mere fact that there was a record of another action on file in the clerk's office did not place these records in evidence.... Since the record of the prior action was not before the trial court, there is no basis to sustain the determination that plaintiff's claim was barred by the doctrine of res judicata.

*Id.* (footnotes omitted); *cf. Matthews v. Matthews*, 102 Utah 428, 132 P.2d 111, 113 (1942) (noting that the record from an earlier case was attached to the defendant's answer to prove res judicata).

 ¶ 9 Here, wife opposed husband's motion, arguing that the previously entered bankruptcy court order was res judicata. However, in support of her position, wife tendered only an unsigned bankruptcy order. Without the benefit of the bankruptcy record, and without evidence that the order tendered by wife was in fact a final order signed by the bankruptcy court, we cannot determine what issues were addressed by the bankruptcy court. *See Parrish*, 542 P.2d at 1087; *Stevensen*, 924 P.2d at 352–53. Consequently, we cannot determine whether the issues challenged in husband's motion are "identical to the issue[s] decided" by the bankruptcy court; whether the bankruptcy proceeding resulted in "a final judgment on the merits"; whether the issues in the bankruptcy court were "competently, fully, and fairly litigated"; or whether wife was "a party or privy to the previous action." *PGM*,

*Inc.*, 2000 UT App 20 at ¶ 5, 995 P.2d 1252 (quotations and citation omitted). Thus, we conclude that the unsigned bankruptcy order is insufficient to establish res judicata. *See Stevensen*, 924 P.2d at 353; *cf. Parrish*, 542 P.2d at 1087 (reversing because record of other action had not been included).

## CONCLUSION

¶ 10 Accordingly, we reverse and remand, directing the trial court to consider husband's motion to clarify.[1]

¶ 11 WE CONCUR: JAMES Z. DAVIS and PAMELA T. GREENWOOD, Judges.

---

1. We note that wife may encounter difficulty in reasserting her res judicata defense on remand. In *Stevensen v. Goodson*, 924 P.2d 339, 353 (Utah 1996), the court questioned whether there had been a final judgment in a bankruptcy action when "no bankruptcy discharge was obtained." Here, wife claims that no discharge was obtained because husband voluntarily dismissed his bankruptcy petition.