2006 UT App 326

**Jimmy ZUFELT, Plaintiff and Appellee,**

v.

**HASTE, INC., a Utah corporation; and Harry Gounaris, an individual, Defendants and Appellants.**

No. 20041043–CA.

Court of Appeals of Utah.

Aug. 3, 2006.

John Martinez and Nick J. Colessides, Salt Lake City, for Appellants.

Steven F. Allred, Orem, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Haste, Inc., and Harry Gounaris appeal the district court's ruling granting Jimmy Zufelt's motion to strike Gounaris's pleadings and motion for summary judgment. Specifically, Haste and Gounaris argue that the district court erred by concluding that the doctrine of res judicata barred Gounaris from asserting an ownership interest in Haste and therefore Gounaris lacked standing to act on behalf of Haste. We reverse and remand.

## BACKGROUND [1]

¶ 2 Gounaris and Steven Kallinikos incorporated Haste as equal shareholders for the purpose of doing business as Burger Supreme. In 1997, Haste sold the restaurant to Richard and Connie Nuttall in exchange for two notes, one of which was made payable to Haste for $72,000 (the Note). In 1998, Kallinikos entered into a lease with Jimmy Zufelt, the managing member of World Plaza, L.L.C.[2] In April 1999, Kallini-

---

1. "When reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Carrier v. Salt Lake County,* 2004 UT 98, ¶ 3, 104 P.3d 1208. The facts are presented accordingly.

2. The parties dispute whether Kallinikos entered into the lease individually or as an agent of Haste.

kos abandoned the leased premises and executed a note to Zufelt for $28,000 to resolve obligations under the lease. Kallinikos experienced financial difficulties and obtained a loan for $20,000 from Gounaris in 1999. In February 2000, Kallinikos assigned his interest in the Note to Gounaris to satisfy monies owed to Gounaris.

¶ 3 In September 2000, Zufelt filed a complaint in the district court against Kallinikos and Haste seeking recovery of monies owed him from the failed lease. On February 13, 2001, Kallinikos filed a chapter 7 petition for bankruptcy.[3] The bankruptcy trustee filed a complaint seeking avoidance of the assignment of Kallinikos's interest in the Note to Gounaris. At trial in the bankruptcy court, Kallinikos testified that he continued doing business through the Haste entity after the sale of the restaurant. Gounaris testified that he no longer participated in the entity. The bankruptcy court found that no documentation was offered to indicate when or how Gounaris relinquished his ownership interest in Haste. The bankruptcy court concluded that Gounaris owned a fifty percent interest in the Note; was a fifty percent stockholder, officer, and director of Haste; and was an insider for purposes of the bankruptcy case. The bankruptcy court avoided the assignment of Kallinikos's interest in the Note.

¶ 4 On July 16, 2002, the bankruptcy trustee filed a motion to intervene and a motion to strike the pleadings and any defenses filed by Gounaris on behalf of Haste in the district court case. The district court granted the motion to intervene. In June 2004, Zufelt filed a motion to strike or dismiss, or enter judgment for lack of standing, in which Zufelt asserted that the issue of ownership had been previously litigated in the bankruptcy court and that collateral estoppel prevented Haste and Gounaris from relitigating the issue of ownership in Haste. Gounaris asserted that he has always been a fifty percent owner of Haste, is entitled to a portion of Haste's assets, and has standing to litigate Haste's defenses against Zufelt's action.

¶ 5 The district court, applying the doctrine of res judicata, found Gounaris had no ownership interest in Haste and therefore lacked standing to file pleadings or assert any defenses on behalf of Haste. The district court found: (1) Gounaris was a party to the action in the bankruptcy court, (2) the ultimate issue before the bankruptcy court was whether Kallinikos's transfer of his interest in the Note was fraudulent, but that the bankruptcy court heard evidence and made findings regarding Gounaris's ownership interest in Haste, (3) Gounaris had an opportunity to fully and fairly litigate the issue regarding his ownership interest in Haste since Gounaris testified before the bankruptcy court that he relinquished his ownership interest in Haste and provided tax returns showing relinquishment, and (4) the case resulted in a final judgment on the merits wherein the bankruptcy court avoided Kallinikos's transfer to Gounaris.

¶ 6 The district court also noted that, although the bankruptcy court's findings may not have addressed the precise issue of Gounaris's ownership interest in Haste with perfect clarity, reasonable conclusions could be drawn from the testimony and evidence presented before the bankruptcy court that Gounaris has no ownership interest in Haste. The district court granted Zufelt's motion to strike Gounaris's pleadings and motion for summary judgment.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Haste and Gounaris appeal the district court's ruling granting Zufelt's motion to strike Gounaris's pleadings and motion for summary judgment. We review a trial court's grant of summary judgment for correctness, affording no deference to the trial court. *See Ford v. American Express Fin. Advisors,* 2004 UT 70, ¶ 21, 98 P.3d 15. A party is entitled to summary judgment if there is no genuine issue of material fact and "the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

---

**3.** On February 14, 2001, Zufelt amended the complaint in the district court case to dismiss Kallinikos, in compliance with the automatic stay of the bankruptcy case, and instead included Gounaris. The amended complaint asserted that Kallinikos assigned the Note to Gounaris, and the assignment of the Note to Gounaris rendered Kallinikos and Haste insolvent.

Specifically, Haste and Gounaris argue that the district court erred by concluding that the doctrine of res judicata barred Gounaris from asserting defenses on behalf of Haste.

## ANALYSIS

### The Doctrine of Res Judicata

 ¶ 8 The district court ruled that the doctrine of res judicata, specifically issue preclusion, barred Gounaris from claiming an ownership interest in Haste and that without an ownership interest Gounaris lacked standing to act on behalf of Haste. A trial court's determination of whether res judicata bars an action presents a question of law. *See Macris & Assocs., Inc. v. Neways, Inc.,* 2000 UT 93, ¶ 17, 16 P.3d 1214. We review such questions for correctness, according no particular deference to the trial court. *See id.*

 ¶ 9 " 'Issue preclusion, also referred to as collateral estoppel, prevents parties or their privies from relitigating issues which were once adjudicated on the merits and have resulted in a final judgment.' " *3D Constr. & Dev., L.L.C. v. Old Standard Life Ins. Co.,* 2005 UT App 307, ¶ 18, 117 P.3d 1082 (alteration omitted) (quoting *Brigham Young Univ. v. Tremco Consultants, Inc.,* 2005 UT 19, ¶ 27, 110 P.3d 678). In order for issue preclusion to apply, four elements must be present:

> "[1] The party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; [2] the issue decided in the prior adjudication must be identical to the one presented in the instant action; [3] the issue in the first action must have been completely, fully, and fairly litigated; and [4] the first suit must have resulted in a final judgment on the merits."

*Id.* (alterations in original) (quoting *Tremco Consultants, Inc.,* 2005 UT 19 at ¶ 27, 110 P.3d 678). "If any one of these requirements is not satisfied, there can be no preclusion." *Hill v. Seattle First Nat'l Bank,* 827 P.2d 241, 245 (Utah 1992). The burden of establishing each of the elements of res judicata is on Zufelt, the party invoking the doctrine in

this case. *See PGM, Inc. v. Westchester Inv. Partners,* 2000 UT App 20, ¶ 5, 995 P.2d 1252; *see also Timm v. Dewsnup,* 851 P.2d 1178, 1184 (Utah 1993). The specific issues of the instant case focus on whether the second and third elements are present.

 ¶ 10 Gounaris argues that the issue decided by the bankruptcy court and the issue before the district court were not identical. We agree. "What is critical [in determining identical issues] is whether the issue that was actually litigated in the first suit was essential to resolution of that suit and is the same factual issue as that raised in a second suit." *Robertson v. Campbell,* 674 P.2d 1226, 1230 (Utah 1983).

¶ 11 First, the findings made by the bankruptcy court do not factually support the district court's conclusion that Gounaris had no ownership of Haste. In fact, the bankruptcy court, to the extent it addressed Gounaris's ownership interest at all, found that Gounaris was a fifty percent stockholder, officer, and director of Haste and that he owned a fifty percent interest in the Note.[4]

¶ 12 Second, the issue actually litigated in the bankruptcy court is different than the issue raised in the district court. The bankruptcy court addressed the issue of the avoidability of the transfer of Kallinikos's one-half interest in the Note to Gounaris and held that the transfer was avoidable under the bankruptcy code. The district court addressed the issue of Gounaris's ownership interest in Haste, and found that res judicata applied because the bankruptcy court heard testimony and made findings regarding Gounaris's ownership interest in Haste.

¶ 13 The district court in its ruling noted that the ultimate issue before it was Gounaris's ownership interest in Haste, and that while the "[b]ankruptcy court ... may not [have] address[ed] the precise issue with perfect clarity, ... that reasonable conclusions could be drawn from the testimony and the evidence presented before the [b]ankruptcy court which support a finding that issue preclusion is applicable." Issue preclusion, however, requires that the issue decided in the

---

4. We address the issue of res judicata as raised by the parties. However, the bankruptcy court found that Gounaris had a fifty percent interest in the Note.

prior adjudication be *identical* to the one in the subsequent action. The issue of Gounaris's ownership interest in Haste is not the same issue decided by the bankruptcy court. The issue before the bankruptcy court was whether the transfer to Gounaris was avoidable as a preferential transfer without regard to whether Gounaris had an ownership interest in Haste.

¶ 14 Finally, the issue of Gounaris's ownership interest in Haste was not an essential issue in the bankruptcy court case. To avoid the transfer, the trustee was required to prove that Gounaris was an insider of Kallinikos, which prompted a discussion on Gounaris's ownership interest in Haste. The determination of ownership interest, however, was not essential to prove that Gounaris was an insider. The bankruptcy court concluded that even if Gounaris did not maintain an ownership interest in Haste he was still an insider due to his sufficiently close relationship with Kallinikos.

¶ 15 For issue preclusion to apply, the parties must have had a full and fair opportunity to litigate the issue. *See 3D Constr. & Dev., L.L.C. v. Old Standard Life Ins. Co.*, 2005 UT App 307, ¶ 20, 117 P.3d 1082; *see also Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 44, 16 P.3d 1214. The issue of Gounaris's ownership interest in Haste was not the central issue in the bankruptcy case, and was only superficially addressed in discussions pertaining to the determination of whether Gounaris was an insider. Therefore, we cannot say that Gounaris had an opportunity to completely and fully litigate the issue. Moreover, " 'collateral estoppel can yield an unjust outcome if applied without reasonable consideration and due care.' " *3D Constr.*, 2005 UT App 307 at ¶ 22, 117 P.3d 1082 (quoting *Buckner v. Kennard*, 2004 UT 78, ¶ 15, 99 P.3d 842). And courts " 'must carefully consider whether granting preclusive effect to a prior decision is appropriate.' " *Id.* (quoting *Buckner*, 2004 UT 78 at ¶ 15, 99 P.3d 842).

¶ 16 The issue of Gounaris's ownership interest in Haste is not the same issue decided by the bankruptcy court. The ownership issue was not essential to the determination of the avoidability of the transfer, and was not completely and fully litigated. The circumstances of this case, along with the policy considerations implicated by issue preclusion, make it apparent that issue preclusion is inappropriate here.

## CONCLUSION

¶ 17 The hallmarks of issue preclusion—identity and centrality of issue and full and fair litigation—are not present in this case, and therefore issue preclusion is inapplicable. In so ruling, we do not decide whether Gounaris actually has or had an ownership interest in Haste; we merely note that the district court improperly relied on res judicata to make the challenged rulings. We reverse and remand to the district court for further proceedings consistent with this opinion.

¶ 18 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and JAMES Z. DAVIS, Judge.