2006 UT App 490

**STATE of Utah, Plaintiff and Appellee,**

v.

**Val Dean GIBSON, Defendant and Appellant.**

**No. 20050672–CA.**

Court of Appeals of Utah.

Dec. 7, 2006.

Randall K. Spencer and M. Brooke Wilkins, Fillmore Spencer LLC, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., Mark W. Baer, Laura B. Dupaix and Matthew D. Bates, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and THORNE, Jr., J.

## OPINION

BENCH, Presiding Judge:

¶1 Val Dean Gibson appeals the trial court's restitution award of $144,702.45. Gibson argues that the restitution award should be limited to the amount of the civil judgment previously entered against him. We affirm the trial court's award.

## BACKGROUND

¶2 In 1999, Gomez Landscaping, Inc. (the victim) contracted with Gibson, a certified public accountant, to handle the payroll affairs of the company. Each pay period, the victim would write Gibson one check for payroll and taxes. Gibson would then cut individual checks for each employee and pay the required taxes. Beginning in 2000, however, Gibson stopped forwarding payments to the federal and state tax authorities and converted the funds for his personal use.

¶3 After tax authorities notified the victim of its failure to file for the third and fourth quarters of 2001, the victim filed a civil action against Gibson. In its complaint, the victim sought damages for Gibson's fraudulent behavior during the 2001 third and fourth quarters. The victim claimed that Gibson refused to provide copies of the tax forms or turn over the embezzled funds. Gibson did not appear at the hearing on the victim's motion for default judgment. The civil court subsequently entered a judgment for $59,880.29, "plus all interest and additional penalties imposed by the IRS or the Utah Tax commission" and $60,000 for punitive damages.

¶4 The State later filed a criminal information against Gibson. The information alleged various criminal charges arising out of Gibson's illegal activities in 2000 and 2001. In July 2003, Gibson and the State entered into a plea agreement. Gibson agreed "that criminal restitution for unpaid state taxes and for losses to private victims will be required by the State and may be entered in this case for all years, not just the tax year(s) for which I am pleading." He further agreed "that the State is seeking and/or may seek as criminal restitution, amounts not only for the counts on which I am entering pleas, but also for those counts which, in accordance with the agreement are being dismissed, including restitution to all private individual(s)." He also acknowledged that "the State firmly believes as of the time of the entering of this Statement that restitution to private victim Gomez will be at or above $148,995." In return, the State agreed to dismiss several of the counts in the information and to recommend probation with a "fine in the low range of that applicable by law."

¶5 Gibson subsequently retained new counsel and moved unsuccessfully to withdraw his plea. Following sentencing, the State filed a Notice of Restitution Amounts and Request for Restitution Order. Upon Gibson's request, the court held a restitution hearing. At that hearing, Gibson did not dispute the amount sought, but claimed that res judicata barred recovery of more than the amount of the civil judgment. The court disagreed and entered a restitution order for $144,702.45. The court instructed, however, that the victim's civil judgment be credited against the restitution award. Gibson now appeals.

## ISSUE AND STANDARD OF REVIEW

¶6 Gibson argues that the trial court erred in awarding a restitution amount of $144,702.45. Whether a "restitution [award] is proper . . . depends solely upon interpretation of the governing statute, and the trial court's interpretation of a statute presents a question of law," which we review for correctness. *State v. Garcia*, 866 P.2d 5, 6 (Utah Ct.App.1993) (quotations and citations omitted).

## ANALYSIS

¶7 Gibson contends that the trial court erred in awarding a restitution amount greater than two times the victim's civil judgment. Gibson first asserts that the plain language of the Criminal Victims Restitution Act limits the restitution award to the amount obtained by the victim in the correlating civil judgment. Utah Code section 77–38a–302(1) provides that "[w]hen a defendant

is convicted of criminal activity that has resulted in pecuniary damages, . . . the court shall order that the defendant make restitution" to the victim. Utah Code Ann. § 77-38a–302(1) (2003). The statute defines "[p]ecuniary damages" as "all special damages . . . which a person *could recover against the defendant in a civil action* arising out of the facts or events constituting the defendant's criminal activities." Utah Code Ann. § 77-38a–102(6) (2003) (emphasis added). Gibson contends that because the civil court rendered a judgment for $59,880.29, the trial court knew what the victim could recover in a civil action. *See id.* Therefore, Gibson asserts that the court's restitution award of $144,702.45 exceeds the limit the legislature intended. We disagree.

¶ 8 The statute specifies that when considering what the victim "could recover against the defendant in a civil action," the action must arise "out of the facts or events constituting the defendant's criminal activities." *Id.* In the civil case, the court awarded a default judgment based on Gibson's fraudulent conversion of funds during the 2001 third and fourth quarters. In this case, the restitution award covered all of Gibson's criminal activities from 2000 through 2001. Because the civil judgment covered a smaller time period than the restitution award, it did not address the same "facts or events constituting [Gibson's] criminal activities." *Id.* Therefore, the restitution award did not exceed any limits allegedly set by the plain language of the statute.

▮ ¶ 9 Gibson next asserts that res judicata bars the restitution award. Res judicata is used "to refer to the overall doctrine of the preclusive effects to be given to judgments." *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 25, 110 P.3d 678. "[R]es judicata has two branches: claim preclusion and issue preclusion." *Id.* (alteration in original) (quotations and citation omitted). For issue preclusion to apply, the issue in the first case must be identical to the issue in the second case. *See id.* at ¶ 34. Similarly, for Gibson to establish claim preclusion, "the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in

the first action." *Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34, 73 P.3d 325 (quoting *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 58, 44 P.3d 663).

¶ 10 As stated above, the civil complaint alleged that Gibson fraudulently converted funds during only the third and fourth quarters of 2001. Gibson's criminal charges covered all illegal behavior through 2000 and 2001. The restitution amount therefore covered criminal acts that the civil court did not consider in rendering the civil judgment. Thus, issue preclusion does not apply. *See Brigham Young Univ.*, 2005 UT 19 at ¶ 34, 110 P.3d 678.

▮ ¶ 11 Gibson also argues that even if additional claims were addressed in the restitution order, the victim "could and should" have raised those claims in the civil action. *Snyder*, 2003 UT 13 at ¶ 34, 73 P.3d 325. However, Gibson did not present any facts or evidence to show that the victim knew or should have known the extent of Gibson's embezzlement at the time of the civil judgment. *See Busch v. Busch*, 2003 UT App 131, ¶ 6, 71 P.3d 177 ("The party asserting res judicata has the burden to prove its elements."). In fact, the record reflects that the victim likely did not know the extent of Gibson's activities. In its complaint, the victim states that it was notified that the Internal Revenue Service "had not received the monthly deposits of approximately $12,000.00 the last 2 months in the fourth quarter, nor the sum of approximately $27,000.00 for the third quarter of 2001." Additionally, the complaint states that the victim was "required to pay the Utah [S]tate Tax Commission the sum of $6,000 for the third and fourth quarters of 2001." The victim also alleged that Gibson refused to deliver copies of the relevant tax forms. From all that appears in the record, the victim did not know or have a reason to know the full extent of Gibson's criminal acts at the time of the civil judgment. When Gibson did not appear at the civil hearing, the court awarded a default judgment in the amount the victim reasonably believed Gibson had embezzled. Later, at the restitution hearing, additional losses were established that constitute additional claims not covered in the civil

action. *See Snyder,* 2003 UT 13 at ¶ 34, 73 P.3d 325. Because Gibson fails to show that the victim could and should have raised the additional claims in the civil action, claim preclusion does not apply.[1]

¶ 12 Further, the State contends that Gibson waived his res judicata defense in the plea agreement. Gibson contends that although he acknowledged in the plea agreement that the State would seek restitution, he never agreed to a set amount and thus did not waive the defense. However, because Gibson failed to prove the elements of res judicata, we need not consider whether Gibson waived this defense in his plea agreement.

## CONCLUSION

¶ 13 Because the civil judgment covers a smaller time period than the restitution award, it does not limit the award allowed by the statute. *See* Utah Code Ann. § 77–38a–102(6) (2003). Further, res judicata does not bar the restitution award because the award addressed additional issues and claims not covered by the civil judgment. Finally, because Gibson's res judicata argument fails, we need not address whether Gibson waived the defense in his plea agreement.

¶ 14 Accordingly, we affirm the trial court's restitution award.

¶ 15 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and WILLIAM A. THORNE JR., Judge.

---

**1.** Both parties discuss whether the State is in privity with the victim. Privity is required to establish claim and issue preclusion. *See Snyder v. Murray City Corp.,* 2003 UT 13, ¶¶ 34–35, 73 P.3d 325. Because we have concluded that Gibson's res judicata argument fails on other grounds, we need not discuss whether privity exists. Additionally, because res judicata does not apply to the facts in this case, we need not decide whether the restitution statute is even subject to res judicata principles.